

# NIXON PEABODY LLP
ATTORNEYS AT LAW

**MEMO ENDORSED**

437 Madison Avenue
New York, New York 10022-7001
(212) 940-3000
Fax: (212) 940-3111
Direct Dial: (212) 940-3710
E-Mail: tduvdevani@nixonpeabody.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-20-07

November 20, 2007

> Extension granted on consent. We can discuss proposed motion on 12/10/07 but adverse party should respond to the opposition – 2-3 pp letter by 11/26/07 @ noon.
>
> SO ORDERED:
> Date: 11/20/07   Richard M. Berman
> Richard M. Berman, U.S.D.J.

**VIA HAND DELIVERY**

The Honorable Judge Richard M. Berman
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

RE:   *Quickie v. Greenburg Traurig*, 07 Civ. 10331: Request for Extension of Time
to Answer or Otherwise Move and Pre-motion Conference

Dear Judge Berman:

Along with Vorys, Sater, Seymour and Pease LLP, we represent Third-Party Defendants Alan Fell ("Fell") and Rick, Steiner, Fell & Benowitz, LLP ("Rick Steiner") in the above-referenced action, and write pursuant to your Individual Practices to (1) request an extension of time to Answer or otherwise respond to the Amended Third Party Complaint; and (2) request a pre-motion conference to file a Motion to Dismiss the Amended Third Party Complaint.

*Request for Extension of Time*

This action was removed from State Court on November 14, 2007 by Defendant Greenburg Traurig, Defendant/Third Party Plaintiff Thelen Reid Brown Raysman & Steiner, and Defendant/Third Party Plaintiff Robert E. Krebs. As I mentioned to your Clerk via telephone today, Fell and Rick, Steiner had a pending Motion to Dismiss in state court at the time the matter was Removed, and have thus not yet Answered. Pursuant to Fed. R. Civ. P. 81(c), Fell and Rick, Steiner's Answer is due tomorrow, November 21, 2007. We respectfully request an

The Honorable Judge Richard M. Berman
November 20, 2007
Page 2

extension of time to Answer or otherwise respond to the Third Party Complaint, up to and including December 12, 2007. Third Party Plaintiffs have consented to this extension, and no prior requests have been made.

*Request for a Pre-Motion Conference*

We also write to request a pre-motion conference to file a Motion to Dismiss the Amended Third Party Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure state a claim upon which relief can be granted.

The Amended Third-Party Complaint seeks indemnification and contribution from Fell, an attorney, and Rick, Steiner, a law firm, concerning their representation as general counsel to Plaintiff Quickie. Plaintiff filed a lawsuit against Greenberg, Thelen and Krebs seeking damages after one of its patents expired following its patent counsel's failure to pay a patent maintenance fee with the USPTO. Plaintiff alleges that Greenberg and/or Thelen and Krebs were negligent in monitoring the deadlines for patent maintenance fee payments and failing to advise Quickie to pay the patent maintenance fee, and that Defendants did not exercise reasonable care when they failed to inquire into the status of Quickie's patent before representing it in reexamination proceedings before the USPTO.

Subsequently, Defendants/Third-Party Plaintiffs Thelen and Krebs have filed claims against Fell and Rick, Steiner, contending that they failed to advise Quickie to pay the maintenance fee and, therefore, seek indemnification or contribution for any judgment entered against them. The Amended Third-Party Complaint includes the allegation that that Fell and/or Rick, Steiner were allegedly responsible for Quickie's legal affairs concerning the '160 Patent. Further, the Amended Third-Party Complaint asserts that Fell and/or Rick, Steiner advised

The Honorable Judge Richard M. Berman
November 20, 2007
Page 3

Quickie concerning the application for, issuance and licensing of the '160 Patent, business negotiations with Medtronic and "all other matters relating to the '160 Patent."

Fell was, at all relevant times, outside general counsel to Plaintiff. Plaintiff hired special patent counsel to represent it in all matters related to the prosecution, examination, reexamination and litigation of its patents. Third-Party Defendants were not hired, nor were they asked, to undertake any responsibilities concerning Plaintiff's patent matters, including the payment of patent maintenance fees. Payment of the patent maintenance fee was beyond the scope of Fell's and Rick, Steiner's duties to Plaintiff. Further, Third-Party Defendant Sharinn made an affirmative representation that he would assume responsibility for payment of the patent maintenance fee.

Accordingly, Third-Party Defendants Fell and Rick, Steiner respectfully request permission to once again Move to Dismiss the Amended Third-Party Complaint on the ground that it fails to state a claim upon which relief may be granted. As a matter of law, Fell and Rick, Steiner had no duty to Quickie or to Defendants/Third-Party Plaintiffs to advise Quickie to pay the patent maintenance fee, as this undertaking was beyond the scope of their representation. *See Nassau Roofing & Sheet Metal Co. v. Facilities Development Corp.*, 71 N.Y.2d 599, 523 N.E.2d 803 (1988). Fell and Rick, Steiner are entitled to a dismissal of the Amended Third-Party Complaint because it fails to state a claim upon which relief may be granted; and they owed no duty to Plaintiff or Defendants/Third-Party Plaintiffs which gives rise to liability.

Respectfully submitted,

Tamar Duvdevani

The Honorable Judge Richard M. Berman
November 20, 2007
Page 4

cc:     (*by e-mail*)
        Steven C. Krane, Esq.
        David Lewis, Esq.
        Martin I. Kaminsky, Esq.
        Pamela A. Bresnahan, Esq.
        Elizabeth Treubert Simon, Esq.
        Frank W. Ryan, Esq.

10220099.1

NIXON PEABODY LLP