# NIXON PEABODY LLP
ATTORNEYS AT LAW



RECEIVED
DEC 13 2007
CHAMBERS OF
RICHARD M BERMAN
U.S.D.J

437 Madison Avenue
New York, New York 10022-7001
(212) 940-3000
Fax: (212) 940-3111
Direct Dial: (212) 940-3129
E-Mail: fryan@nixonpeabody.com

**MEMO ENDORSED**

December 12, 2007

**VIA FEDERAL EXPRESS**

The Honorable Judge Richard M. Berman
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

RE: *Quickie v. Greenburg Traurig*, 07 Civ. 10331

> No need to file pmn to
> 12/21/07 conference.
>
> SO ORDERED
> Date: 12/13/07
> Richard M. Berman, U.S.D.J.

Dear Judge Berman:

Along with Vorys, Sater, Seymour and Pease LLP, we represent Third-Party Defendants Alan Fell ("Fell") and Rick, Steiner, Fell & Benowitz, LLP ("Rick Steiner") in the above-referenced action, and write in follow-up to Monday's appearance before the Court.

On November 20, 2007, Fell and Rick Steiner requested (1) an extension of time to Answer or otherwise respond to the Amended Third Party Complaint and (2) a pre-motion conference to file a Motion to Dismiss the Amended Third Party Complaint. On November 20, 2007, the Court granted on consent Fell and Rick Steiner's request for an extension of time to Answer or otherwise respond to the Amended Third Party Complaint to December 12, 2007, stating that Fell and Rick Steiner's motion would be discussed at the December 10, 2007 conference. In light of the Court's adjournment of the pre-motion and scheduling conference to December 21, 2007, we write to respectfully confirm that Fell and Rick Steiner are not required

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/13/2007

The Honorable Judge Richard M. Berman
December 12, 2007
Page 2

to submit a responsive pleading before being heard on December 21, 2007 on their proposed Motion to Dismiss.

An additional matter we wished to address was to inform the Court that it appears that this case is directly related to *Quickie, L.L.C. v. Medtronic, Inc.*, 02 Civ. 01157, which was before Judge Gerard E. Lynch for several years prior to its dismissal on May 17, 2005. Defendants' theory for removal of this action from state court is that there exists underlying issues of patent law that are to be heard by a federal judge. Those exact underlying patent issues were before Judge Lynch in *Quickie, L.L.C. v. Medtronic, Inc.* It appears from the attached docket that those issues were extensively briefed. As such, we would submit that our matter is a related case.

Thank you very much for your attention to this matter.

Respectfully submitted,

Frank W. Ryan

cc:  (*by e-mail*)
Steven C. Krane, Esq.
David Lewis, Esq.
Martin I. Kaminsky, Esq.
Pamela A. Bresnahan, Esq.
Frank W. Ryan, Esq.

10220099.1