

DC SDNY
[DO]CUMENT
[ELECTRONICALL]Y FILED
DATE FILED: 2/26/08

**POLLACK & KAMINSKY**
114 West 47th Street, New York, New York 10036
TEL: (212) 575-4700
FAX: (212) 575-6560

MEMO ENDORSED

RECEIVED
FEB 26 2008
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

DANIEL A. POLLACK
MARTIN I. KAMINSKY
EDWARD T. MCDERMOTT

W. HANS KOBELT
JUSTIN CHU
ANTHONY ZACCARIA

February 26, 2008

*Application denied as premature (but without prejudice). We can discuss on 3/13/08.*

SO ORDERED:
Date: 2/26/08
/s/ Richard M. Berman
Richard M. Berman, U.S.D.J.

**BY HAND**
Hon Richard M. Berman
United States District Court
500 Pearl Street
New York, New York 10007

Re: Quickie, LLC v. Greenberg Traurig, LLP
Thelen Reid Brown Raysman & Steiner LLP v. Sharinn
07 CV 10331 (RMB)(DFE)

Dear Judge Berman:

Defendant Greenberg Traurig LLP and Third-Party Defendant Todd Sharinn (a former Greenberg Traurig lawyer) [collectively "GT"] request a pre-motion conference to file a motion for summary judgment dismissing this action as against GT.

**Summary of GT's Motion**

This is a legal malpractice action based on the alleged failure of attorneys for plaintiff Quickie LLC's ["Quickie"] to pay or advise Quickie to pay maintenance fee due on a Quickie's patent ["the '160 Patent"]. Quickie alleges that, as a result, it lost that patent.

Quickie has sued Greenberg Traurig (which was Quickie's second patent counsel), as well as the law firm which succeed Greenberg Traurig, i.e. Thelen Reid Brown Raysman & Steiner LLP, and the principal Thelen partner involved, i.e. Robert Krebs [collectively "Thelen"]. Thelen cross-claimed against Greenberg Traurig and filed a third-party action against Sharinn and others for contribution.[1]

---

[1] Third-party defendants Rick, Steiner, Fell & Benowitz, LLP and Alan Fell [collectively "Rick Steiner"] were also acting as general counsel for Quickie, and patent counsel reported to them as such, both before and when the maintenance fee was due.

GT bears no responsibility for the loss of the patent since GT was not counsel to Quickie when the maintenance fee was due, and thus is not responsible for the failure to pay the fee. Rather, GT had been replaced by Thelen before the maintenance fee was due.

## Background Facts

The maintenance fee for the '160 Patent first became due on May 23, 2003; and Quickie had a full year thereafter in which to pay the fee.

GT was not Quickie's lawyer at the time. Rather, Thelen had replaced GT with Thelen in 2002. Indeed, on March 4, 2003 --- two and a half months before the maintenance fee was due --- Quickie revoked, in a writing submitted to the U.S. Patent & Trademark Office ["PTO"], any authority that GT had previously had as to the '160 Patent [see Ex. A]. That was confirmed by the PTO in a formal Notice sent to GT on April 2, 2003, a month and a half before the maintenance fee first became due [see Ex. B].

The Revocation notice filed by Quickie on March 4, 2003 listed Krebs and other Thelen attorneys (e.g. Marc Hanish, Adrienne Yeung, Hal Bohner, et al.) as replacement "attorney(s) and/or agent(s)" in place of GT for the '160 Patent.

Thereafter, in official filings and sworn statements to the PTO *after* the '160 Patent had already expired, Quickie confirmed that GT had no responsibility as to the maintenance fee and that Thelen was responsible for the failure to pay the fee [see Exs. C and D]. In a pleading filed with the PTO by Quickie, Quickie's then counsel further stated [Ex. C, pp. 1, 2 and 4]:

> "[GT's] responsibility for the '160 Patent ended prior to the time period when the payment of a first maintenance fee was due [citing Ex. A hereto].
> \*     \*     \*
> Thelen Reid & Priest was granted and held sole and full power in the '160 patent from March 4, 2003 through August 14, 2006 [citing Exs. A and D hereto and other documents].
> \*     \*     \*

POLLACK & KAMINSKY

> The Patent Owner [Quickie] fully believed that their [sic] valuable legal rights in the '160 patent would be justly protected by the attorneys and law firm of Thelen Reid & Priest when the Patent Owner chose them for representation and executed the Power of Attorney dated March 4, 2003 [citing Ex. A hereto]".

In a sworn statement to the PTO, Quickie's Managing Partner had also stated [Ex. D]:

> "As the Managing Partner for Quickie, LLC, I retained Robert E. Krebs et al. of the Thelen, Reid & Priest, LLP law firm to transact all post-issuance proceedings and responsibilities in the Patent and Trademark Office including, but not limited to . . . timely payment of the maintenance fee".

Thus, when the maintenance fee on the '160 Patent became due, during the one year period commencing May 23, 2003, GT was no longer Quickie's attorney, having been replaced by Thelen. GT therefore can not be contended to have committed legal malpractice as to the '160 Patent. GT admittedly had no responsibility for the maintenance fee when it became due.

Even if that were not so, Thelen's succession of GT before and when the maintenance fee became due provides GT with a complete defense.[2]

Finally, Quickie's claims against GT are barred by the statute of limitations since the alleged wrongdoing occurred over three years prior to the filing of Quickie's complaint.

Respectfully submitted,

*Martin I. Kaminsky*

Martin I. Kaminsky
Counsel for Defendants
Greenberg Traurig, LLP and Todd Sharinn

cc (by email): All Counsel

---

[2] See, e.g., Somma v. Dansker & Aspromonte Associates, 44 A.D.3d 376, 377 (1st Dept. 2007) (complaint dismissed since "defendants no longer represented plaintiff" when the malpractice occurred and since "successor counsel had sufficient time and opportunity to adequately protect plaintiff's rights"); Golden v. Cascione, Checkanover & Purcigliotti, 286 A.D.2d 281 (1st Dept. 2001) (same).

Quickie's claim for negligent misrepresentation is duplicative of the malpractice claim since it arises from the same operative facts and does not alleged distinct damages, and therefore also is legally insufficient. Sonnenschine v. Giacomo, 295 A.D.2d 287, 288 (1st Dept. 2002); Mecca v. Shang, 258 A.D.2d 569, 570 (2nd Dept. 1999).

3