# DIAMOND McCARTHY LLP
### Attorneys & Counselors

620 Eighth Avenue, 39th Floor · New York, NY 10018   Phone: 212.430.5400 | Fax: 212.430.5499

**MEMO ENDORSED**
**P3**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/13/08

Direct Dial:
713-333-5100

Email Address
sloden@diamondmccarthy.com

March 13, 2008

The Honorable Richard M. Berman           **VIA HAND DELIVERY**
United States District Court for the
Southern District of New York
500 Pearl Street, Room 650
New York, New York 1007

   Re: *Quickie L.L.C. v. Greenburg Traurig, LLP*; Case No. 07-CV-10331 (RMB)(DFE); In the United States District Court for the Southern District of New York.

Dear Judge Berman:

  We write in response to Defendants' March 12, 2008 letter to the Court requesting a stay of these proceedings in light of a recent action (the "PTO Action") by the United States Patent and Trademark Office (the "PTO"). For the reasons discussed below, Defendants' stay request is nothing more than a renewed effort to divert attention away from their malpractice. Plaintiff thus objects to any stay of these proceedings and is prepared to pursue discovery pursuant to the Court's February 20, 2008 scheduling order.

### Background to Defendants' Stay Request

  This litigation focuses on Thelen Reid's and Greenberg Traurig's malpractice in failing to monitor deadlines for payment of maintenance fees on Plaintiffs' valuable intellectual property, referred to in the Complaint as the 160 Patent. Plaintiff alleges that both Greenberg and Thelen were responsible for monitoring those deadlines and reminding their client, Quickie, to pay the required maintenance fees. Plaintiff also alleges that Thelen compounded its malpractice by failing to check on the 160 Patent's status prior to attempting to amend it in violation of PTO regulations.

  Recognizing the strength of Plaintiff's liability case, Thelen previously proposed to bifurcate discovery and focus on damages first, and only commence discovery on liability issues if the Court first concluded that Quickie was damaged. Plaintiff immediately rejected that proposal, and Greenberg joined in that rejection. In rejecting Thelen's proposal, Quickie and Greenberg both pointed out that delaying discovery on liability issues would only delay resolution of this case, especially because Greenberg's primary defense was that it had no responsibility (and thus no liability) for the 160 Patent after Thelen was hired. Thelen eventually abandoned its bifurcation request, and on February 20, 2008, the Court entered a scheduling order setting a June 20, 2008, deadline to complete all fact and expert discovery.

Diamond McCarthy Taylor Finley & Lee LLP
Austin | 6504 Bridgepoint Parkway | Suite 400 | Austin, TX 78730 | Phone: 512.617.5200 | Fax: 512.617.5299
Dallas | Renaissance Tower | 1201 Elm Street, 34th Floor | Dallas, TX 75270 | Phone: 214.389.5300 | Fax: 214.389.5399
Two Houston Center | 909 Fannin, Suite 1500 | Houston, TX 77010 | Phone: 713.333.5100 | Fax: 713.333.5199
www.diamondmccarthy.com

Honorable Richard M. Berman
March 13, 2008
Page 2

Plaintiff welcomed that scheduling order and has sought and is prepared to pursue discovery and trial preparations immediately. The PTO Action does not require abandonment of that scheduling order as Defendants now request.

**Defendants' Stay Request Should Be Rejected**

This Court has the inherent power to control and manage its docket to balance the "competing interests of the litigants and the orderly administration of justice," which includes denial of a stay pending the outcome of reexamination proceeding before the PTO. *See, e.g., Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 407 (S.D.N.Y. 1999) (denying motion to stay litigation pending the outcome of PTO reexamination proceedings). In this matter, the orderly administration of justice dictates that the case should proceed pursuant to the scheduling order entered by this Court on February 20, 2008.

The PTO Action is not fatal to Quickie's malpractice claims as Defendants maintain. Indeed, the PTO Action actually bolsters Quickie's liability case by rejecting Thelen's efforts to amend the expired 160 Patent in contravention of PTO regulations. Moreover, the PTO Decision also makes it perfectly clear that, absent Thelen's and Greenberg's malpractice, Quickie would today hold a reexamined and revalidated 160 Patent that is enforceable against Medtronic and that could be licensed to other medical device manufacturers. This basic fact does not change no matter what happens now at the PTO.

Once again, when faced with the prospect of discovery focused on Quickie's liability allegations, Thelen has chosen to duck and dodge rather than face the facts head on. Thelen's present request for a stay is not an effort to conserve judicial resources, but rather a renewed attempt to focus the Court's attention on the magnitude of Quickie's damages, to the exclusion of any inquiry into Defendants' negligence. Indeed, Defendants admit as much when they state in their March 11, 2008 correspondence that "Plaintiff's right to recover any damages [as a result of Thelen's alleged negligence] rests entirely on the validity of the 160 Patent, which has been fundamentally called into question by the PTO [Decision]." Moreover, Defendants ignore the central point at issue, which is that the 160 Patent *would not* now be called into question *but for* their negligence.

Quickie and Greenberg both rejected Thelen's first request to bifurcate discovery by focusing on damages to the exclusion of liability, and there is no reason to revisit that decision today. Quickie's rejection of Defendants' present stay request is entirely consistent with its position in the Medtronic Litigation because, unlike the impact that the PTO's reexamination application's may have had on Quickie's liability case against Medtronic, here the PTO Action's sole impact, if any, on this litigation is with respect to the amount of Quickie's damages. Indeed, if any party is taking an inconsistent position it is Greenberg, who told this Court in December 2007 that it wanted discovery to proceed immediately, and as recently as three weeks ago asked the Court for permission to file a motion for summary judgment on

133147-2

Honorable Richard M. Berman
March 13, 2008
Page 3

Quickie's negligence claims, but is now content to let this litigation linger for months or longer while the PTO Decision is litigated.

The Court's reluctance to countenance any delay of this litigation has thus far forced the parties to focus on resolving the merits of this litigation. As discussed at the February 20, 2008 status conference, Quickie and Thelen made significant progress towards resolving their disputes during the Court-ordered mediation. Although Thelen states that it has now reevaluated its settlement posture following the PTO Action, neither Thelen nor Greenberg can seriously contend that the chances of reaching a speedy resolution of these disputes will be increased by staying this litigation while the PTO Action is litigated. As was the case in December 2007 when the Court ordered the parties to mediation, and again in February 2008 when the Court set an aggressive discovery and trial schedule, the best way to ensure a speedy resolution of this litigation – through settlement, trial, or otherwise – is by continuing with the current discovery and trial schedule.

Simply stated, the Court got it right when it entered an aggressive scheduling order on February 20, 2008, after learning that this litigation was not resolved in mediation. Defendants' request to focus only on damages was the wrong strategy for this litigation when it was first proposed, and it is the wrong strategy now. Instead of an effort to ensure the speedy and efficient administration of justice, Defendants' stay request should be seen for what it truly is: a renewed effort to delay the day of reckoning when their malpractice is fully brought to light. For all of these reasons, Quickie asks the Court to deny Defendants' request for permission to file a motion seeking to stay this litigation.

Respectfully submitted,

Stephen T. Loden, Esq.

cc:   All Counsel of Record (*via email*)

> Work seriously on settlement.
> Failing that, continue on the
> schedule set in the case mgt
> order. Conference on 6/23 is
> changed from 11 AM to 3 P.M.
> that day.
>
> SO ORDERED:
> Date: 3/13/08
> Richard M. Berman, U.S.D.J.

133147-2