UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUICKIE, LLC,

     Plaintiff,

-against-

GREENBERG TRAURIG, LLP, THELEN
REID BROWN RAYSMAN & STEINER LLP
(f/k/a THELEN, REID & PRIEST LLP) and
ROBERT E. KREBS,

     Defendants.

07 Civ. 10331 (RMB) (DFE)

**NOTICE OF MOTION FOR ENTRY OF JUDGMENT AND CONTRIBUTION BAR ORDER**

**ECF CASE**

---

THELEN REID BROWN RAYSMAN &
STEINER LLP (f/k/a THELEN, REID &
PRIEST LLP) and ROBERT E. KREBS,

     Third-Party Plaintiffs,

-against-

TODD SHARINN, ALAN FELL and
RICK, STEINER, FELL & BENOWITZ, LLP,

     Third-Party Defendants.

---

  PLEASE TAKE NOTICE THAT upon the annexed Motion and Declaration of Allan B. Diamond, plaintiff Quickie, LLC, defendants Thelen Reid Brown Raysman & Steiner LLP and Robert E. Krebs, and third-party defendants Rick, Steiner, Fell & Benowitz, LLP and Alan Fell, will move this Court before the Honorable Richard M. Berman for an Order approving their settlement and for entry of a judgment and contribution bar order upon which the settlement is expressly conditioned (the "Bar Order").

139011-1

Dated: May 16, 2008
      New York, New York

                                    DIAMOND McCARTHY LLP

                                    By: /s/ Stephen T. Loden
                                          Allan B. Diamond (*pro hac vice*)
                                          Walter J. "Skip" Scott (*pro hac vice*)
                                          Stephen T. Loden
                                  620 Eighth Avenue, 39th Floor
                                  New York, New York 10018
                                  *Attorneys for Plaintiff Quickie, LLC*

                                  PROSKAUER ROSE LLP

                                  By: /s/ Steven C. Krane
                                          Steven C. Krane
                                  1585 Broadway
                                  New York, NY 10036-8299
                                  *Attorneys for Thelen Reid Brown Raysman & Steiner LLP and Robert E. Krebs*

                                  VORYS, SATER, SEYMOUR and PEASE LLP

                                  By: /s/ Pamela A. Bresnahan
                                          Pamela A. Bresnahan
                                  1828 L Street NW
                                  Eleventh Floor
                                  Washington, D.C. 20036-5109
                                  *Attorneys for Rick, Steiner, Fell & Benowitz and Alan Fell*

To: All Counsel of Record

139011-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUICKIE, LLC,

                Plaintiff,

-against-

GREENBERG TRAURIG, LLP, THELEN
REID BROWN RAYSMAN & STEINER LLP
(f/k/a THELEN, REID & PRIEST LLP) and
ROBERT E. KREBS,

                Defendants.

07 Civ. 10331 (RMB) (DFE)

**JOINT MOTION TO FILE
CONFIDENTIAL SETTLEMENT
AGREEMENT AND MUTUAL
RELEASES UNDER SEAL
FOR COURT APPROVAL AND
TO SUBMIT THE PAYMENT
TERMS *EX PARTE* FOR
*IN CAMERA* REVIEW**

ECF CASE

---

THELEN REID BROWN RAYSMAN &
STEINER LLP (f/k/a THELEN, REID &
PRIEST LLP) and ROBERT E. KREBS,

                Third-Party Plaintiffs,

-against-

TODD SHARINN, ALAN FELL and
RICK, STEINER, FELL & BENOWITZ, LLP,

                Third-Party Defendants.

---

Plaintiff Quickie, LLC ("Quickie"), defendants Thelen Reid Brown Raysman & Steiner LLP and Robert E. Krebs (collectively "Thelen") and third-party defendants Rick, Steiner, Fell & Benowitz, LLP and Alan Fell (collectively "Rick Steiner") (all collectively the "Settling Parties"), through their undersigned counsel, hereby request leave of the Court to file their Confidential Settlement Agreement and Mutual Releases (the "Agreement") under seal for Court Approval, and to submit the Agreement *ex parte* for *in camera* review in connection with their

anticipated filing of a motion in support of the entry of a judgment and contribution bar order upon which the Agreement is expressly conditioned.

The Settling Parties submit that the filing of the Agreement under seal is appropriate because the Agreement is the product of confidential settlement negotiations and contains various confidentiality provisions through which the Settling Parties have agreed to keep the product of their confidential settlement negotiations under seal. It is the intent of the Settling Parties, as expressed in the Agreement, that nothing in the Agreement be disclosed to any person or admitted as evidence or disclosed in this or any other proceeding except as may be required to enforce the terms of the Agreement or for the entry of a judgment and contribution bar order upon which the Agreement is expressly conditioned (the "Bar Order").

Additionally, as more fully detailed in the accompanying Declaration of Allan B. Diamond in Support of the Motion, the Settling Parties request permission to submit the Payment Terms, as defined in the Agreement, *ex parte* for *in camera* review because (1) there exists the possibility of future settlement discussions between Quickie and the non-settling defendant, Greenberg Traurig, LLP ("Greenberg"), and Quickie wishes not to be prejudiced in those negotiations by the disclosure of the Payment Terms to Greenberg; and (2) because Thelen wishes to keep the Payment Terms confidential.

Furthermore, as noted above, the Settling Parties have conditioned their settlement upon entry of a Bar Order precluding later cross-claims, third-party demands or independent causes of action by Greenberg against Thelen and/or Rick Steiner. In order to protect Greenberg's interests, the proposed Bar Order will provide Greenberg with a credit against any judgment in an amount corresponding to the greater of (1) the total settlement amount paid to Quickie by Thelen and Rick Steiner, or (2) the aggregate proportion of liability, if any, allocated to Thelen

139005-1

and Rick Steiner by any final judgment in this action (the "Judgment Reduction"). Thelen and Rick Steiner have also agreed, as will be set forth in the proposed Bar Order, to waive any claims they might have against Greenberg that arise from the operative facts underlying this action.

The Settling Parties submit that Greenberg will be fully protected by the Judgment Reduction and mutual waiver of claims and that the *ex parte* submission to the Court of the Payment Terms is especially important here, where the revelation of such information may well prejudice Quickie in any future settlement discussions. Accordingly, the Settling Parties respectfully request that the Court grant their Motion to submit the Agreement under seal for Court Approval and to submit the Payment Terms *ex parte* for *in camera* review.

Dated: May 16, 2008
      New York, New York

                              DIAMOND McCARTHY LLP

                              By: __/s/ Stephen T. Loden_____
                                   Allan B. Diamond (*pro hac vice*)
                                   Walter J. "Skip" Scott (*pro hac vice*)
                                   Stephen T. Loden
                              620 Eighth Avenue, 39th Floor
                              New York, New York 10018
                              *Attorneys for Plaintiff Quickie, LLC*

                              PROSKAUER ROSE LLP

                              By: __/s/ Steven C. Krane_____
                                   Steven C. Krane
                              1585 Broadway
                              New York, NY 10036-8299
                              *Attorneys for Thelen Reid Brown Raysman & Steiner LLP and Robert E. Krebs*

VORYS, SATER, SEYMOUR and PEASE LLP

By:   /s/ Pamela A. Bresnahan
      Pamela A. Bresnahan
1828 L Street NW
Eleventh Floor
Washington, D.C. 20036-5109
*Attorneys for Rick, Steiner, Fell & Benowitz and Alan Fell*

To : All Counsel of Record

139005-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUICKIE, LLC,

        Plaintiff,

-against-

GREENBERG TAURIG, LLP, THELEN
REID BROWN RAYSMAN & STEINER LLP
(f/k/a THELEN, REID & PRIEST LLP) and
ROBERT E. KREBS,

        Defendants.

07 Civ. 10331 (RMB) (DFE)

**DECLARATION OF ALLAN B.
DIAMOND IN SUPPORT OF MOTION**

---

THELEN REID BROWN RAYSMAN &
STEINER LLP (f/k/a THELEN, REID &
PRIEST LLP) and ROBERT E. KREBS,

        Third-Party Plaintiffs,

-against-

TODD SHARINN, ALAN FELL and
RICK, STEINER, FELL & BENOWITZ, LLP,

       Third-Party Defendants.

**ECF CASE**

---

    ALLAN B. DIAMOND declares under penalty of perjury as follows:

    1.    I am the Managing Partner of Diamond McCarthy LLP, counsel for plaintiff Quickie, LLC ("Quickie") in this action. I submit this declaration in support of the joint motion of Quickie, Defendants Thelen Reid Brown Raysman & Steiner LLP and Robert E. Krebs (collectively "Thelen"), and Third-Party Defendants Rick, Steiner, Fell & Benowitz, LLP and Alan Fell (collectively "Rick Steiner") to file their Confidential Settlement Agreement and Mutual Releases (the "Agreement") under seal for court approval and to submit the Payment

Terms, as defined in the Agreement, *ex parte* for *in camera* review in connection with their anticipated filing of a motion in support of the entry of a judgment and contribution bar order, upon which the Agreement is expressly conditioned.

2.  Quickie brought this action against Greenberg Traurig, LLP ("Greenberg") and Thelen seeking recovery for alleged legal malpractice arising out of a patent representation.[1] Thereafter, Greenberg and Thelen both filed third-party claims against Rick Steiner arising out of its representation of Quickie during the pertinent time period. Quickie's legal malpractice action is based on the alleged failure of various of its attorneys to pay, or otherwise properly advise Quickie about certain payments of, maintenance fees due on U.S. Patent No. 6,066,160 (the "160 Patent"), and the resulting expiration of the 160 Patent during the course of an infringement action instituted by Quickie against Medtronic, Inc. Quickie's action seeks damages based on (a) the alleged loss of its ability to recover infringement damages in the Medtronic Litigation, (b) attorneys' fees and expenses incurred in connection with the Medtronic Litigation, (c) lost royalties that Quickie claims it would have earned from licensing the 160 Patent to third parties over the life of the patent, and (d) attorneys' fees and expenses incurred to remedy the claimed malpractice and negligence.

3.  At a conference held on December 21, 2007, this Court directed all of the parties to attempt to resolve this matter through mediation. On February 19, 2008, a mediation session was held before JAMS mediator Peter Woodin, Esq. Since then, Quickie, Thelen and Rick Steiner, with Mr. Woodin's participation and facilitation, have worked together to reach an

---

[1] The above-captioned action was originally commenced in the Supreme Court of the State of New York, County of New York (Index No. 07/105235) on or about April 18, 2007 and was later removed to this Court pursuant to 28 U.S.C. §§ 1338(a), 1367, 1441(a) and 1446.

2

amicable resolution to this matter. Greenberg attended the initial mediation session but declined to participate in the settlement.

4. After significant good-faith efforts, Quickie, Thelen and Rick Steiner (collectively, the "Settling Parties") have reached a conditional settlement of this action. Thelen and Rick Steiner have agreed to pay to Quickie a settlement amount, pursuant to the Payment Terms defined in the Agreement, for a full release of all claims arising out of (or related to) the events underlying this lawsuit.

5. The Settling Parties have conditioned their settlement upon entry of a "Bar Order" precluding later cross-claims, third-party demands or independent causes of action by Greenberg against Thelen and/or Rick Steiner. To protect Greenberg's interests, the proposed Bar Order will provide Greenberg with a credit against any judgment in an amount corresponding to the greater of (1) the total settlement amount paid to Quickie by Thelen and Rick Steiner, or (2) the aggregate proportion of liability, if any, allocated to Thelen and Rick Steiner by any final judgment in this action (the "Judgment Reduction"). Thelen and Rick Steiner have also agreed, as will be set forth in the proposed Bar Order, to waive any claims they might have against Greenberg that arise from the operative facts underlying this action.

6. In the event that Quickie and Greenberg are able to conduct meaningful settlement negotiations at some point prior to trial that can result in an amicable resolution to the remaining litigation, Quickie wishes not to prejudice itself in those potential settlement discussions by revealing the negotiated settlement amount paid by Thelen and Rick Steiner. Quickie believes that the revelation of the Payment Terms likely would be used against it by Greenberg to attempt to settle at a reduced amount.

7. Greenberg will be fully protected by the Judgment Reduction and mutual waiver of claims that will be incorporated into the proposed Bar Order and simply has no right to know the specific Payment Terms negotiated between the Settling Parties in this action. The maintenance of the confidentiality of these Payment Terms is especially important here because the revelation of such information may well prejudice Quickie in any future settlement discussions.

8. Furthermore, there can be no question that the Agreement was entered into in good-faith, having been negotiated with the facilitation of a seasoned and respected mediator (after this Court ordered the parties to take part in mediation). Additionally, there can be no question that Greenberg was not set apart for unfair treatment, having declined to participate in the settlement discussions.

WHEREFORE, Quickie, Thelen and Rick Steiner respectfully request that this Court permit them to file the Agreement under seal for court approval and to submit the Payment Terms, as defined in the Agreement, *ex parte* for *in camera* review in connection with the anticipated filing of a motion in support of the entry of a judgment and contribution bar order. I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 14, 2008
      New York, New York

_____
ALLAN B. DIAMOND

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUICKIE, LLC,

                      Plaintiff,

-against-

GREENBERG TAURIG, LLP, THELEN
REID BROWN RAYSMAN & STEINER LLP
(f/k/a THELEN, REID & PRIEST LLP) and
ROBERT E. KREBS,

                      Defendants.

---

THELEN REID BROWN RAYSMAN &
STEINER LLP (f/k/a THELEN, REID &
PRIEST LLP) and ROBERT E. KREBS,

                      Third-Party Plaintiffs,

-against-

TODD SHARINN, ALAN FELL and
RICK, STEINER, FELL & BENOWITZ, LLP,

                      Third-Party Defendants.

---

07 Civ. 10331 (RMB) (DFE)

**JUDGMENT AND CONTRIBUTION BAR ORDER**

**ECF CASE**

      WHEREAS, plaintiff Quickie, LLC ("Quickie"), defendants Thelen Reid Brown Raysman & Steiner LLP and Robert E. Krebs (collectively "Thelen") and third-party defendants Rick, Steiner, Fell & Benowitz, LLP and Alan Fell (collectively "Rick Steiner") have jointly moved this Court by written motion for approval of their settlement and for entry of a contribution bar order upon which the settlement is expressly conditioned (the "Bar Order"), and for other relief as described herein; and

WHEREAS, Quickie, Thelen and Rick Steiner represent that there are no other agreements, obligations, or undertakings of any type that reflect, memorialize, or modify the terms of the settlement between and among Quickie, Thelen and Rick Steiner apart from that certain Confidential Settlement Agreement and Mutual Releases which has been provided to this Court separately and under seal as Confidential Exhibit A; and

WHEREAS, Quickie, Thelen and Rick Steiner further represent that apart from that certain Confidential Settlement Agreement and Mutual Releases there are no agreements, obligations, or undertakings, whether entered into directly by the parties or through their counsel, (a) that relate to or might affect the Judgment Reduction provision of this Bar Order or (b) that relate to the substance of future testimony or discovery;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED & DECREED THAT:**

1. The motion be, and hereby is, granted.

2. The settlement between and among Quickie, Thelen and Rick Steiner is approved, and all claims against Thelen and Rick Steiner in this action and Thelen's counter-claim against Quickie (collectively, the "Dismissed Claims") are dismissed with prejudice.

3. Other than as expressly provided in paragraph 4 of this Order, nothing contained herein shall be construed or applied to have any impact or effect whatsoever on Quickie's rights and claims as against parties other than Thelen and Rick Steiner including, but not limited to, Greenberg Traurig LLP ("Greenberg") and Todd S. Sharinn, Esq. ("Sharinn").

4. To preserve the finality of the settlement, Greenberg and Sharinn shall be, and hereby are, permanently barred and enjoined from commencing and/or pursuing in this or any other proceeding any claim arising from the facts, events and occurrences underlying this action,

138656-1

including without limitation free-standing claims or third-party claims or cross-claims, or any claim for contribution or indemnification, however denominated and regardless of the allegations, facts, law, theories, or principles on which it is based (the "Barred Claims"), against Thelen and Rick Steiner and each of their current and former respective representatives, agents, servants, attorneys, employees, officers, directors, partners, members, subsidiaries, affiliates, successors, assigns, executors, conservators, insurers, insurance representatives, trustees, receivers, administrators, predecessors-in-interest and successors-in-interest; provided, however, that Greenberg will receive a credit against any final judgment awarded against it in this action in an amount corresponding to the greater of: (1) the total Settlement Amount paid to Quickie by Thelen and Rick Steiner as defined in that certain Confidential Settlement Agreement and Mutual Releases disclosed to this Court under seal as Confidential Exhibit A, or (2) the aggregate proportion of liability, if any, allocated to Thelen and Rick Steiner by any final judgment in this action (the "Judgment Reduction").

5.  To make this Bar Order reciprocal (and only to that extent), Thelen and Rick Steiner be, and they hereby are, permanently barred and enjoined from commencing and/or pursuing in this or any other proceeding any claim arising from the facts, events and occurrences underlying this action, including without limitation free-standing claims or third-party claims or cross-claims, or any claim for contribution or indemnification, however denominated and regardless of the allegations, facts, law, theories, or principles on which it is based, against Greenberg or Sharinn, and their current and former representatives, agents, servants, attorneys, employees, officers, directors, partners, members, subsidiaries, affiliates, successors, assigns, executors, conservators, insurers, insurance representatives, trustees, receivers, administrators, predecessors-in-interest and successors-in-interest.

138656-1

6. The Judgment Reduction provided to Greenberg by this Bar Order shall relieve Thelen and Rick Steiner of all liability to Greenberg and Sharinn for the Barred Claims.

7. The Court finds the Judgment Reduction provided to Greenberg by this Bar Order to be fair and adequate compensation for any and all Barred Claims by Greenberg against Thelen and Rick Steiner.

8. Nothing in this Bar Order: (i) is or shall be deemed to be or shall be used as an admission of, or evidence of, the validity of any of Quickie's claims or any wrongdoing or liability of any defendant or third-party defendant; (ii) is or shall be deemed to be or shall be used as an admission of, or any evidence of, any fault or omissions of any defendant or third-party defendant in any statement, release or written document or financial report issued, filed or made; or (iii) shall be offered or received in evidence against any defendant or third-party defendant in any civil, criminal or administrative action or proceeding in any court, administrative agency, arbitral or other tribunal other than such proceedings as may be necessary to consummate or enforce the Bar Order, except that the Bar Order may be filed in any subsequent action brought against any defendant or third-party defendant in order to support a defense or counterclaim of that defendant or third-party defendant of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim or issue preclusion or similar defense or counterclaim.

9. The Dismissed Claims and the Barred Claims involve questions of fact and law that are different from Quickie's remaining claims against Greenberg, such that they are separable from such remaining claims. Moreover, immediate appellate review of this Order will alleviate the danger of hardship and injustice that would result through a delay of such review in that, if this Order is reversed on appeal, the Dismissed Claims and the Barred Claims could be

138656-1

included in trial of the remaining claims against Greenberg, thereby conserving judicial resources and maximizing judicial economy by avoiding the possibility of duplicative trials. Accordingly, the Court expressly determines that there is no just case for delay, and thus the Court directs the Clerk of the Court to enter this Order as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, thereby fully and finally dismissing the following claims with prejudice:

    a.    The third, fourth, and fifth causes of action as pleaded in Quickie's First Amended Complaint;

    b.    Thelen's counterclaim against Quickie as pleaded in Thelen's Answer, Counterclaim, Cross-Claim, and Amended Third Party Complaint;

    c.    Thelen's cross-claim against Greenberg as pleaded in Thelen's Answer, Counterclaim, Cross-Claim, and Amended Third Party Complaint;

    d.    The first, third, and fourth causes of action as pleaded in Thelen's Answer, Counterclaim, Cross-Claim, and Amended Third Party Complaint;

    e.    Todd Sharinn's sixteenth affirmative defense and counterclaim against Thelen as pleaded in the Answer to Third-Party Complaint, Counterclaim, and Cross-Claim of Todd Sharinn;

    f.    Todd Sharinn's seventeenth affirmative defense and cross-claim against Rick Steiner as pleaded in the Answer to Third-Party Complaint, Counterclaim, and Cross-Claim of Todd Sharinn;

    g.    Greenberg's sixteenth affirmative defense and first cross-claim against Thelen as pleaded in the Amended Answer and Cross-Claims of Greenberg Traurig LLP; and

138656-1

        h.       Greenberg's seventeenth affirmative defense and second cross-claim against Rick Steiner as pleaded in the Amended Answer and Cross-Claims of Greenberg Traurig LLP.

Entered this ___ day of May, 2008

**SO ORDERED:**

_____
HONORABLE RICHARD M. BERMAN

138656-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUICKIE, LLC,

                Plaintiff,

-against-

GREENBERG TRAURIG, LLP, THELEN
REID BROWN RAYSMAN & STEINER LLP
(f/k/a THELEN, REID & PRIEST LLP) and
ROBERT E. KREBS,

                Defendants.

07 Civ. 10331 (RMB) (DFE)

**AFFIDAVIT OF SERVICE**

THELEN REID BROWN RAYSMAN &
STEINER LLP (f/k/a THELEN, REID &
PRIEST LLP) and ROBERT E. KREBS,

                Third-Party Plaintiffs,

-against-

TODD SHARINN, ALAN FELL and
RICK, STEINER, FELL & BENOWITZ, LLP,

                Third-Party Defendants.

STATE OF NEW YORK    )
                                 ) SS.:
COUNTY OF NEW YORK  )

        NANCY SULLIVAN, being duly sworn deposes and says:

        I am not a party to the action, am over eighteen years of age and reside in Suffolk County, State of New York.

        On May 16, 2008, I served a copy of the Notice of Join Motion to File Confidential Settlement Agreement and Mutual Releases under Seal for Court Approval and to Submit the Payment Terms *Ex Parte* for *In Camera* Review; Notice of Motion for Entry of

Judgment and contribution Bar Order and Joint Memorandum of Law in Support of the Entry of a Bar Order in the above-captioned action upon the attached service list by electronic mail.

_____
NANCY SULLIVAN

Sworn to before me this
16th day of May, 2008

_____
Notary Public

TASIA PAVALIS
Notary Public, State of New York
No. 31-4851729
Qualified in New York County
Commission Expires February 3, 20_10_

138656-1

**Sullivan, Nancy**

**Distribution List Name:**    Quickie Counsel

**Members:**

| | |
|---|---|
| Bresnahan, Pamela A. | PABresnahan@vorys.com |
| fryan@nixonpeabody.com | fryan@nixonpeabody.com |
| Justin Y.K. Chu | jchu@pollacklawfirm.com |
| Krane, Steven | SKrane@proskauer.com |
| mikaminsky@pollacklawfirm.com | mikaminsky@pollacklawfirm.com |