UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUICKIE, LLC,

                        Plaintiff,              07 Civ. 10331 (RMB) (DFE)

    -against-

GREENBERG TRAURIG, LLP, THELEN
REID BROWN RAYSMAN & STEINER LLP    **ECF CASE**
(f/k/a THELEN, REID & PRIEST LLP) and
ROBERT E. KREBS,

                        Defendants.

---

THELEN REID BROWN RAYSMAN &
STEINER LLP (f/k/a THELEN, REID &
PRIEST LLP) and ROBERT E. KREBS,

                        Third-Party Plaintiffs,

    -against-

TODD SHARINN, ALAN FELL and
RICK, STEINER, FELL & BENOWITZ, LLP,

                        Third-Party Defendants.

---

**JOINT MEMORANDUM OF LAW
<u>IN SUPPORT OF THE ENTRY OF A BAR ORDER</u>**

Plaintiff Quickie, LLC ("Quickie"), defendants Thelen Reid Brown Raysman & Steiner LLP and Robert E. Krebs (collectively "Thelen") and third-party defendants Rick, Steiner, Fell & Benowitz, LLP and Alan Fell (collectively "Rick Steiner"), jointly move this Court for approval of their settlement and for entry of a judgment and contribution bar order (the "Bar Order") upon which the settlement is conditioned. For the reasons set forth below, the Court should grant this Motion.

## BACKGROUND

Quickie brought this action against Greenberg Traurig, LLP ("Greenberg") and Thelen seeking recovery for alleged legal malpractice arising out of a patent representation.[1] Thereafter, Greenberg and Thelen both filed third-party claims against Rick Steiner, Quickie's general counsel, arising out of its representation of Quickie during the pertinent time period. Quickie's legal malpractice action is based on the alleged failure of its various attorneys to pay or otherwise properly advise Quickie about certain payments of maintenance fees due on U.S. Patent No. 6,066,160 (the "160 Patent"), and the resulting expiration of the 160 Patent during the course of an infringement action instituted by Quickie against Medtronic, Inc. Quickie's action seeks damages based on (a) the alleged loss of its ability to recover infringement damages in the Medtronic Litigation, (b) attorneys' fees and expenses incurred in connection with the Medtronic Litigation, (c) lost royalties that Quickie claims it would have earned from licensing the 160 Patent to third parties over the life of the patent, and (d) attorneys' fees and expenses incurred to remedy the claimed malpractice and negligence.

---

[1] The above-captioned action was originally commenced in the Supreme Court of the State of New York, County of New York (Index No. 07/105235) on or about April 18, 2007 and was later removed to this Court pursuant to 28 U.S.C. §§ 1338(a), 1367, 1441(a) and 1446.

139007-2

At a conference held on December 21, 2007, this Court directed all of the parties to attempt to resolve this matter through mediation. On February 19, 2008, the court-ordered mediation was held before JAMS mediator Peter Woodin, Esq. Since then, Quickie, Thelen and Rick Steiner, with Mr. Woodin's participation and facilitation, have worked together to reach an amicable resolution to this matter. Greenberg attended the initial mediation session but declined to participate in the settlement.

After significant good-faith efforts, Quickie, Thelen and Rick Steiner (collectively, the "Settling Parties") have reached a conditional settlement of this action. Concurrently herewith, the Settling Parties are filing their joint motion seeking this Court's permission to file the Confidential Settlement Agreement and Mutual Releases (the "Settlement Agreement") under seal. Thelen and Rick Steiner have agreed to pay to Quickie the "Settlement Amount," as defined in the Settlement Agreement, for a full release of all claims arising out of (or related to) the events underlying this lawsuit.

The Settling Parties have conditioned their settlement upon entry of a Bar Order precluding cross-claims, third-party demands or independent causes of action by Greenberg against Thelen and/or Rick Steiner. To protect Greenberg's interests, the proposed Bar Order (annexed to the Settlement Agreement) provides that Greenberg will receive a credit against any judgment in an amount corresponding to the greater of (1) the total Settlement Amount paid to Quickie by Thelen and Rick Steiner, or (2) the aggregate proportion of liability, if any, allocated to Thelen and Rick Steiner by any final judgment in this action (the "Judgment Reduction"). Thelen and Rick Steiner have also agreed, as set forth in the proposed Bar Order, to waive any claims they might have against Greenberg that arise from the operative facts underlying this action.

139007-2

Because of the lingering potential for cross-claims, Thelen and Rick Steiner have requested that Greenberg consent to the entry of the proposed Bar Order. Despite the Judgment Reduction and the mutual waiver of claims extended to Greenberg, Greenberg opposes the proposed Bar Order (and this Motion) because of Quickie's request that the actual Settlement Amount paid by Thelen and Rick Steiner remain confidential as between the Settling Parties and this Court unless and until the Judgment Reduction provision of the proposed Bar Order requires implementation by this Court, i.e., until the conclusion of a trial on the merits. As discussed below, however, Greenberg is fully protected by the Judgment Reduction and mutual waiver of claims and simply has no need to know the specific Settlement Amount negotiated between the Settling Parties in this action.

As explained below, this Court should approve the settlement (and the proposed Bar Order upon which the settlement is conditioned) because it streamlines the litigation by removing four parties, resolving outstanding claims between and among the Settling Parties, and protecting Greenberg's interests by (1) including the Judgment Reduction to be applied to any adverse final judgment and (2) eliminating Greenberg's exposure from potential cross-claims by Thelen and Rick Steiner.

### THE PROPOSED BAR ORDER SHOULD BE ENTERED BY THIS COURT

By its terms, the Settlement Agreement is conditioned on the Court's entry of the proposed Bar Order. As is well recognized, district courts have the authority to enter such orders, which serve the useful purpose of facilitating settlement when, as here, the settling parties have a legitimate need for protection against collateral litigation arising from the matters being settled. Bar orders, when properly constructed, can serve this purpose without infringing on the rights of any non-settling parties.

139007-2

"The importance of settlement to litigation . . . is indisputable." *In re WorldCom, Inc. ERISA Litigation,* 339 F. Supp. 2d 561, 568 (S.D.N.Y. 2004) (Cote, J.). However, "if a non-settling defendant against whom a judgment has been entered were allowed to seek payment from a defendant who had settled, then settlement would not bring the latter much peace of mind …. <u>This potential liability would surely diminish the potential to settle.</u>" *In Re Masters Mates & Pilots Pension Plan and IRAP Litigation,* 957 F.2d 1020, 1028 (2d Cir. 1992) (emphasis supplied). Unless this concern is addressed, settling defendants may not reduce their financial exposure by entering into a partial settlement and, therefore, may have little incentive to do so. In short, absent protection from subsequent claims, those parties willing to make substantial settlements cannot safely do so and those parties unwilling to negotiate in good faith may be rewarded. Such a backwards approach to the resolution of complex matters should not be countenanced.

    Judge Cote recently outlined the importance of bar orders in multi-defendant actions:

> Because of the importance of settlement to our litigation system, and because an unlimited right to seek contribution would "surely diminish the incentive to settle," *Masters Mates,* 957 F.2d at 1028, courts may approve provisions in settlement agreements that bar contribution and indemnification claims between the settling defendants and non-settling defendants so long as there is a provision that gives the non-settling defendants an appropriate right of set-off from any judgment imposed against them. *In re Ivan F. Boesky Sec. Litig.,* 948 F.2d 1358, 1368-69 (2d Cir. 1991). Without the ability to limit the liability of settling defendants through bar orders "it is likely that no settlements could be reached."

*In re WorldCom, Inc. ERISA Litigation,* 339 F. Supp. 2d at 568.

    The proposed Bar Order removes a serious potential obstacle to achieving such a settlement. It addresses the concern of Thelen and Rick Steiner that they may later be faced with claims for indemnity, contribution, or other claims arising from the facts underlying this action.

139007-2

In this fashion, a settling defendant can extinguish its liability and avoid future litigation, thus providing an incentive for settlement.

Furthermore, the proposed Bar Order provides Greenberg with "an appropriate right of set-off" from any final judgment awarded against it. In this regard, courts recognize three basic methods for calculating the amount of a credit due to non-settling defendants: the *pro tanto* approach, the *pro rata* approach, and the "proportionate fault" approach. In crafting the Bar Order component of the instant settlement, the Settling Parties employed a modified version of the third method, known as the "capped proportionate share" approach, which was approved by the Second Circuit in *Gerber v. MTC Electronic Technologies Co., Ltd.*, 329 F.3d 297, 302-03 (2d Cir. 2003). As in *Gerber*, this approach affords the non-settling defendant (Greenberg) a credit for "the greater of the settlement amount for common damages or the settling defendants' share of liability as proven at trial." *Id.* at 301.

> Specifically, the proposed Bar Order provides as follows:
>
> Greenberg will receive a credit against any final judgment awarded against it in this action in an amount corresponding to the greater of (1) the total Settlement Amount paid to Quickie by Thelen and Rick Steiner as defined in that certain Confidential Settlement Agreement and Mutual Releases disclosed to this Court under seal as Confidential Exhibit A, or (2) the aggregate proportion of liability, if any, allocated to Thelen and Rick Steiner by any final judgment in this action (the "Judgment Reduction").

Because this language provides Greenberg with credit equal to the *greater* of these two sums, the proposed Bar Order avoids the problems attendant to a settlement credit using the *pro tanto* or the *pro rata* approaches, for example, collusion among settling parties to the prejudice of non-settling parties.

Additionally, Greenberg's objection to the Settling Parties' request to maintain confidentiality with respect to the Settlement Agreement has no merit. There is simply no

139007-2

requirement that the settling defendants' negotiated "price" be revealed to the non-settling defendants prior to this Court's application of the Judgment Reduction provision of the proposed Bar Order, and especially here, where potential settlement discussions may take place in the near future between Quickie and Greenberg, the revelation of the Settlement Amount in Quickie, Thelen and Rick Steiner's Settlement Agreement may very well prejudice Quickie in those potential future negotiations. *See Bottaro v. Hatton Assocs.*, 96 F.R.D. 158, 160 (E.D.N.Y. 1982) (amount paid by settling parties is not relevant to any issue remaining in the litigation and thus is not discoverable); *see also ABF Capital Mgmt. v. Askin Capital Mgmt.*, 2000 WL 191698, at *2-*3 (S.D.N.Y. 2000) (Sweet, J.) (same; court rejected argument that discovery of agreement was proper because it would allow the non-settling defendant to approach future settlement discussions from a "more enlightened position").

With respect to partial settlements where certain defendants settle and others do not, "[t]he court's primary focus is upon the effect of the settlement on the non-settling defendants," and therefore, "the settlement [and Bar Order] should not be approved absent a <u>judicial determination that settlement has been entered into in good faith, and that no one has been set apart for unfair treatment.</u>" *Agway, Inc. v. Magnuson*, 409 F. Supp. 2d. 136, 142 (N.D.N.Y. 2005) (internal citation and quotations omitted) (emphasis supplied). Here, there can be no question that the settlement was entered into in good-faith, having been negotiated with the aid of a highly respected mediator (after this Court directed the parties to participate in mediation). Furthermore, there can be no question that Greenberg was not set apart for unfair treatment, having declined to participate in the settlement discussions. That it may be "enlightening" for Greenberg to know Thelen and Rick Steiner's negotiated "price," and to use that information in its negotiations with Quickie in the future, does not somehow entitle them to that knowledge.

139007-2

## CONCLUSION

Without this Court's approval of the settlement and the proposed Bar Order, the negotiated Settlement Agreement between and among Quickie, Thelen and Rick Steiner is void. This would force all of the Settling Parties back into the litigation, and guarantees that further proceedings will include the additional expense and burden of adjudicating the relative rights of the Settling Parties. For these reasons, Quickie, Thelen and Rick Steiner respectfully request that this Court grant their motion and enter the proposed Bar Order.

Dated: May 16, 2008
      New York, New York

                           DIAMOND McCARTHY LLP

                           By: ___/s/ Stephen T. Loden___
                                Allan B. Diamond (*pro hac vice*)
                                Walter J. "Skip" Scott (*pro hac vice*)
                                Stephen T. Loden
                         620 Eighth Avenue, 39th Floor
                         New York, New York 10018
                         *Attorneys for Plaintiff Quickie, LLC*

                         PROSKAUER ROSE LLP

                         By: ___/s/ Steven C. Krane___
                                Steven C. Krane
                         1585 Broadway
                         New York, NY 10036-8299
                         *Attorneys for Thelen Reid Brown Raysman & Steiner LLP and Robert E. Krebs*

139007-2

VORYS, SATER, SEYMOUR & PEASE LLP


By: ___/s/ Pamela A. Bresnahan___
       Pamela A. Bresnahan
1828 L Street NW
Eleventh Floor
Washington, D.C. 20036-5109
*Attorneys for Rick, Steiner, Fell & Benowitz and Alan Fell*

139007-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUICKIE, LLC,

      Plaintiff,      07 Civ. 10331 (RMB) (DFE)

  -against-        **AFFIDAVIT OF SERVICE**

GREENBERG TRAURIG, LLP, THELEN
REID BROWN RAYSMAN & STEINER LLP
(f/k/a THELEN, REID & PRIEST LLP) and
ROBERT E. KREBS,

      Defendants.

---

THELEN REID BROWN RAYSMAN &
STEINER LLP (f/k/a THELEN, REID &
PRIEST LLP) and ROBERT E. KREBS,

      Third-Party Plaintiffs,

  -against-

TODD SHARINN, ALAN FELL and
RICK, STEINER, FELL & BENOWITZ, LLP,

      Third-Party Defendants.

---

STATE OF NEW YORK )
         ) SS.:
COUNTY OF NEW YORK )

  NANCY SULLIVAN, being duly sworn deposes and says:

  I am not a party to the action, am over eighteen years of age and reside in Suffolk County, State of New York.

  On May 16, 2008, I served a copy of the Notice of Join Motion to File Confidential Settlement Agreement and Mutual Releases under Seal for Court Approval and to Submit the Payment Terms *Ex Parte* for *In Camera* Review; Notice of Motion for Entry of

Judgment and contribution Bar Order and Joint Memorandum of Law in Support of the Entry of a Bar Order in the above-captioned action upon the attached service list by electronic mail.

                                                              NANCY SULLIVAN

Sworn to before me this
16th day of May, 2008

_____
Notary Public

TASIA PAVALIS
Notary Public, State of New York
No. 31-4851729
Qualified in New York County
Commission Expires February 3, 20_10_

138656-1

**Sullivan, Nancy**

**Distribution List Name:**   Quickie Counsel

**Members:**

| | |
|---|---|
| Bresnahan, Pamela A. | PABresnahan@vorys.com |
| fryan@nixonpeabody.com | fryan@nixonpeabody.com |
| Justin Y.K. Chu | jchu@pollacklawfirm.com |
| Krane, Steven | SKrane@proskauer.com |
| mikaminsky@pollacklawfirm.com | mikaminsky@pollacklawfirm.com |

1