UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUICKIE, LLC,

        Plaintiff,

-against-

GREENBERG TRAURIG, LLP, THELEN REID BROWN RAYSMAN & STEINER LLP (f/k/a THELEN, REID & PRIEST LLP) and ROBERT E. KREBS,

        Defendants.

THELEN REID BROWN RAYSMAN & STEINER LLP (f/k/a THELEN, REID & PRIEST LLP) and ROBERT E. KREBS,

        Third-Party Plaintiffs,

-against-

TODD SHARINN, ALAN FELL and RICK, STEINER, FELL & BENOWITZ, LLP,

        Third-Party Defendants.

---

07 Civ. 10331 (RMB) (DFE)

**NOTICE OF JOINT MOTION TO FILE CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASES UNDER SEAL FOR COURT APPROVAL AND TO SUBMIT THE PAYMENT TERMS *EX PARTE* FOR *IN CAMERA* REVIEW**

**ECF CASE**



MEMO ENDORSED

5/21/08

PLEASE TAKE NOTICE that upon the annexed Joint Motion to File Confidential Settlement Agreement and Mutual Releases Under Seal for Court Approval and to Submit the Payment Terms *Ex Parte* for *In Camera* Review and the Declaration of Allan B. Diamond in Support of Motion dated May 14, 2008, plaintiff Quickie, LLC, defendants Thelen Reid Brown Raysman & Steiner LLP and Robert E. Krebs, and third-party defendants Rick, Steiner, Fell & Benowitz, LLP and Alan Fell (the "Settling Parties"), hereby move this Court before the Honorable Richard M. Berman for an Order granting the Settling Parties' request to file their

Confidential Settlement Agreement and Mutual Releases (the "Agreement") under seal and to submit the Agreement *ex parte* for *in camera* review in connection with their anticipated filing of a motion in support of the entry of a judgment and contribution bar order upon which the Agreement is expressly conditioned.

Dated: May 16, 2008
      New York, New York

                                  DIAMOND McCARTHY LLP

                                  By:   /s/ Stephen T. Loden
                                        Allan B. Diamond (*pro hac vice*)
                                        Walter J. "Skip" Scott (*pro hac vice*)
                                        Stephen T. Loden
                                620 Eighth Avenue, 39th Floor
                                New York, New York 10018
                                *Attorneys for Plaintiff Quickie, LLC*

                                PROSKAUER ROSE LLP

                                By:   /s/ Steven C. Krane
                                        Steven C. Krane
                                1585 Broadway
                                New York, NY 10036-8299
                                *Attorneys for Thelen Reid Brown Raysman & Steiner LLP and Robert E. Krebs*

                                VORYS, SATER, SEYMOUR and PEASE LLP

                                By:   /s/ Pamela A. Bresnahan
                                        Pamela A. Bresnahan
                                1828 L Street NW
                                Eleventh Floor
                                Washington, D.C. 20036-5109
                                *Attorneys for Rick, Steiner, Fell & Benowitz and Alan Fell*

To: All Counsel of Record

139003-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

QUICKIE, LLC,

                      Plaintiff,

     -against-

GREENBERG TRAURIG, LLP, THELEN
REID BROWN RAYSMAN & STEINER LLP
(f/k/a THELEN, REID & PRIEST LLP) and
ROBERT E. KREBS,

                      Defendants.
_____

THELEN REID BROWN RAYSMAN &
STEINER LLP (f/k/a THELEN, REID &
PRIEST LLP) and ROBERT E. KREBS,

                      Third-Party Plaintiffs,

     -against-

TODD SHARINN, ALAN FELL and
RICK, STEINER, FELL & BENOWITZ, LLP,

                      Third-Party Defendants.
_____

07 Civ. 10331 (RMB) (DFE)

**JOINT MOTION TO FILE
CONFIDENTIAL SETTLEMENT
AGREEMENT AND MUTUAL
RELEASES UNDER SEAL
FOR COURT APPROVAL AND
TO SUBMIT THE PAYMENT
TERMS *EX PARTE* FOR
*IN CAMERA* REVIEW**

**ECF CASE**

      Plaintiff Quickie, LLC ("Quickie"), defendants Thelen Reid Brown Raysman & Steiner LLP and Robert E. Krebs (collectively "Thelen") and third-party defendants Rick, Steiner, Fell & Benowitz, LLP and Alan Fell (collectively "Rick Steiner") (all collectively the "Settling Parties"), through their undersigned counsel, hereby request leave of the Court to file their Confidential Settlement Agreement and Mutual Releases (the "Agreement") under seal for Court Approval, and to submit the Agreement *ex parte* for *in camera* review in connection with their

anticipated filing of a motion in support of the entry of a judgment and contribution bar order upon which the Agreement is expressly conditioned.

The Settling Parties submit that the filing of the Agreement under seal is appropriate because the Agreement is the product of confidential settlement negotiations and contains various confidentiality provisions through which the Settling Parties have agreed to keep the product of their confidential settlement negotiations under seal. It is the intent of the Settling Parties, as expressed in the Agreement, that nothing in the Agreement be disclosed to any person or admitted as evidence or disclosed in this or any other proceeding except as may be required to enforce the terms of the Agreement or for the entry of a judgment and contribution bar order upon which the Agreement is expressly conditioned (the "Bar Order").

Additionally, as more fully detailed in the accompanying Declaration of Allan B. Diamond in Support of the Motion, the Settling Parties request permission to submit the Payment Terms, as defined in the Agreement, *ex parte* for *in camera* review because (1) there exists the possibility of future settlement discussions between Quickie and the non-settling defendant, Greenberg Traurig, LLP ("Greenberg"), and Quickie wishes not to be prejudiced in those negotiations by the disclosure of the Payment Terms to Greenberg; and (2) because Thelen wishes to keep the Payment Terms confidential.

Furthermore, as noted above, the Settling Parties have conditioned their settlement upon entry of a Bar Order precluding later cross-claims, third-party demands or independent causes of action by Greenberg against Thelen and/or Rick Steiner. In order to protect Greenberg's interests, the proposed Bar Order will provide Greenberg with a credit against any judgment in an amount corresponding to the greater of (1) the total settlement amount paid to Quickie by Thelen and Rick Steiner, or (2) the aggregate proportion of liability, if any, allocated to Thelen

139005-1

and Rick Steiner by any final judgment in this action (the "Judgment Reduction"). Thelen and Rick Steiner have also agreed, as will be set forth in the proposed Bar Order, to waive any claims they might have against Greenberg that arise from the operative facts underlying this action.

The Settling Parties submit that Greenberg will be fully protected by the Judgment Reduction and mutual waiver of claims and that the *ex parte* submission to the Court of the Payment Terms is especially important here, where the revelation of such information may well prejudice Quickie in any future settlement discussions. Accordingly, the Settling Parties respectfully request that the Court grant their Motion to submit the Agreement under seal for Court Approval and to submit the Payment Terms *ex parte* for *in camera* review.

Dated: May 16, 2008
      New York, New York

                      DIAMOND McCARTHY LLP

                      By: __/s/ Stephen T. Loden__
                           Allan B. Diamond (*pro hac vice*)
                           Walter J. "Skip" Scott (*pro hac vice*)
                           Stephen T. Loden
620 Eighth Avenue, 39th Floor
New York, New York 10018
*Attorneys for Plaintiff Quickie, LLC*

PROSKAUER ROSE LLP

By: __/s/ Steven C. Krane__
     Steven C. Krane
1585 Broadway
New York, NY 10036-8299
*Attorneys for Thelen Reid Brown Raysman & Steiner LLP and Robert E. Krebs*

139005-1

---

*[Handwritten note:]* The Court retains discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. The Clerk is respectfully requested to terminate Dkt. No. [24] and Dkt. No. [26].

RMB

VORYS, SATER, SEYMOUR and PEASE LLP

By: __/s/ Pamela A. Bresnahan__
      Pamela A. Bresnahan
1828 L Street NW
Eleventh Floor
Washington, D.C. 20036-5109
*Attorneys for Rick, Steiner, Fell & Benowitz and Alan Fell*

To : All Counsel of Record

Settlement to be filed under seal,
(subject to above)

SO ORDERED:
_____RMB_____
RICHARD M. BERMAN U.S.D.J.
5/21/08

139005-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUICKIE, LLC,

      Plaintiff,

-against-

GREENBERG TRAURIG, LLP, THELEN
REID BROWN RAYSMAN & STEINER LLP
(f/k/a THELEN, REID & PRIEST LLP) and
ROBERT E. KREBS,

      Defendants.

---

THELEN REID BROWN RAYSMAN &
STEINER LLP (f/k/a THELEN, REID &
PRIEST LLP) and ROBERT E. KREBS,

      Third-Party Plaintiffs,

-against-

TODD SHARINN, ALAN FELL and
RICK, STEINER, FELL & BENOWITZ, LLP,

      Third-Party Defendants.

---

07 Civ. 10331 (RMB) (DFE)

**DECLARATION OF ALLAN B.
DIAMOND IN SUPPORT OF MOTION**

**ECF CASE**

---

ALLAN B. DIAMOND declares under penalty of perjury as follows:

1. I am the Managing Partner of Diamond McCarthy LLP, counsel for plaintiff Quickie, LLC ("Quickie") in this action. I submit this declaration in support of the joint motion of Quickie, Defendants Thelen Reid Brown Raysman & Steiner LLP and Robert E. Krebs (collectively "Thelen"), and Third-Party Defendants Rick, Steiner, Fell & Benowitz, LLP and Alan Fell (collectively "Rick Steiner") to file their Confidential Settlement Agreement and Mutual Releases (the "Agreement") under seal for court approval and to submit the Payment

0399/73553-001 Current/11131522v2

Terms, as defined in the Agreement, *ex parte* for *in camera* review in connection with their anticipated filing of a motion in support of the entry of a judgment and contribution bar order, upon which the Agreement is expressly conditioned.

2.  Quickie brought this action against Greenberg Traurig, LLP ("Greenberg") and Thelen seeking recovery for alleged legal malpractice arising out of a patent representation.[1] Thereafter, Greenberg and Thelen both filed third-party claims against Rick Steiner arising out of its representation of Quickie during the pertinent time period. Quickie's legal malpractice action is based on the alleged failure of various of its attorneys to pay, or otherwise properly advise Quickie about certain payments of, maintenance fees due on U.S. Patent No. 6,066,160 (the "160 Patent"), and the resulting expiration of the 160 Patent during the course of an infringement action instituted by Quickie against Medtronic, Inc. Quickie's action seeks damages based on (a) the alleged loss of its ability to recover infringement damages in the Medtronic Litigation, (b) attorneys' fees and expenses incurred in connection with the Medtronic Litigation, (c) lost royalties that Quickie claims it would have earned from licensing the 160 Patent to third parties over the life of the patent, and (d) attorneys' fees and expenses incurred to remedy the claimed malpractice and negligence.

3.  At a conference held on December 21, 2007, this Court directed all of the parties to attempt to resolve this matter through mediation. On February 19, 2008, a mediation session was held before JAMS mediator Peter Woodin, Esq. Since then, Quickie, Thelen and Rick Steiner, with Mr. Woodin's participation and facilitation, have worked together to reach an

---

[1] The above-captioned action was originally commenced in the Supreme Court of the State of New York, County of New York (Index No. 07/105235) on or about April 18, 2007 and was later removed to this Court pursuant to 28 U.S.C. §§ 1338(a), 1367, 1441(a) and 1446.

amicable resolution to this matter. Greenberg attended the initial mediation session but declined to participate in the settlement.

4.   After significant good-faith efforts, Quickie, Thelen and Rick Steiner (collectively, the "Settling Parties") have reached a conditional settlement of this action. Thelen and Rick Steiner have agreed to pay to Quickie a settlement amount, pursuant to the Payment Terms defined in the Agreement, for a full release of all claims arising out of (or related to) the events underlying this lawsuit.

5.   The Settling Parties have conditioned their settlement upon entry of a "Bar Order" precluding later cross-claims, third-party demands or independent causes of action by Greenberg against Thelen and/or Rick Steiner. To protect Greenberg's interests, the proposed Bar Order will provide Greenberg with a credit against any judgment in an amount corresponding to the greater of (1) the total settlement amount paid to Quickie by Thelen and Rick Steiner, or (2) the aggregate proportion of liability, if any, allocated to Thelen and Rick Steiner by any final judgment in this action (the "Judgment Reduction"). Thelen and Rick Steiner have also agreed, as will be set forth in the proposed Bar Order, to waive any claims they might have against Greenberg that arise from the operative facts underlying this action.

6.   In the event that Quickie and Greenberg are able to conduct meaningful settlement negotiations at some point prior to trial that can result in an amicable resolution to the remaining litigation, Quickie wishes not to prejudice itself in those potential settlement discussions by revealing the negotiated settlement amount paid by Thelen and Rick Steiner. Quickie believes that the revelation of the Payment Terms likely would be used against it by Greenberg to attempt to settle at a reduced amount.

7.     Greenberg will be fully protected by the Judgment Reduction and mutual waiver of claims that will be incorporated into the proposed Bar Order and simply has no right to know the specific Payment Terms negotiated between the Settling Parties in this action. The maintenance of the confidentiality of these Payment Terms is especially important here because the revelation of such information may well prejudice Quickie in any future settlement discussions.

8.     Furthermore, there can be no question that the Agreement was entered into in good-faith, having been negotiated with the facilitation of a seasoned and respected mediator (after this Court ordered the parties to take part in mediation). Additionally, there can be no question that Greenberg was not set apart for unfair treatment, having declined to participate in the settlement discussions.

WHEREFORE, Quickie, Thelen and Rick Steiner respectfully request that this Court permit them to file the Agreement under seal for court approval and to submit the Payment Terms, as defined in the Agreement, *ex parte* for *in camera* review in connection with the anticipated filing of a motion in support of the entry of a judgment and contribution bar order. I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 14, 2008
       New York, New York

_____
ALLAN B. DIAMOND

4