UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUICKIE, LLC,

                              Plaintiff,

      -against-

GREENBERG TRAURIG, LLP, THELEN
REID BROWN RAYSMAN & STEINER LLP
(f/k/a THELEN, REID & PRIEST LLP) and
ROBERT E. KREBS,

                              Defendants.

---

THELEN REID BROWN RAYSMAN &
STEINER LLP (f/k/a THELEN, REID &
PRIEST LLP) and ROBERT E. KREBS,

                            Third-Party Plaintiffs,

      -against-

TODD SHARINN, ALAN FELL and
RICK, STEINER, FELL & BENOWITZ, LLP,

                            Third-Party Defendants.

---

07 Civ. 10331 (RMB) (DFE)

**AMENDED JUDGMENT AND
CONTRIBUTION BAR ORDER**

**ECF CASE**

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 5/27/08]

      WHEREAS, plaintiff Quickie, LLC ("Quickie"), defendants Thelen Reid Brown Raysman & Steiner LLP and Robert E. Krebs (collectively "Thelen") and third-party defendants Rick, Steiner, Fell & Benowitz, LLP and Alan Fell (collectively "Rick Steiner") have jointly moved this Court by written motion for approval of their settlement and for entry of a contribution bar order upon which the settlement is expressly conditioned (the "Bar Order"), and for other relief as described herein; and

WHEREAS, Quickie, Thelen and Rick Steiner represent that there are no other agreements, obligations, or undertakings of any type that reflect, memorialize, or modify the terms of the settlement between and among Quickie, Thelen and Rick Steiner other than those in the Confidential Settlement Agreement and Mutual Releases among them;

WHEREAS, Quickie, Thelen and Rick Steiner further represent that apart from that certain Confidential Settlement Agreement and Mutual Releases there are no agreements, obligations, or undertakings, whether entered into directly by the parties or through their counsel, (a) that relate to or might affect the Judgment Reduction provision of this Bar Order or (b) that relate to the substance of future testimony or discovery; and

WHEREAS, Greenberg and Todd Sharinn ("Sharinn") have consented to the entry of this order and have waived their rights to appeal therefrom;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED & DECREED THAT:**

1. The motion be, and hereby is, granted.

2. The settlement between and among Quickie, Thelen and Rick Steiner is approved, and all claims against and/or by Thelen, Rick Steiner, and Sharinn in this action and Thelen's counter-claim against Quickie (collectively, the "Dismissed Claims") are dismissed with prejudice.

3. Other than as expressly provided in paragraph 4 of this Order, nothing contained herein shall be construed or applied to have any impact or effect whatsoever on Quickie's rights and claims as against parties other than Thelen and Rick Steiner including, but not limited to, Greenberg Traurig LLP ("Greenberg").

4.	To preserve the finality of the settlement, Greenberg and Sharinn shall be, and hereby are, permanently barred and enjoined from commencing and/or pursuing in this or any other proceeding any claim arising from the facts, events and occurrences underlying this action, including without limitation free-standing claims or third-party claims or cross-claims, or any claim for contribution or indemnification, however denominated and regardless of the allegations, facts, law, theories, or principles on which it is based (the "Barred Claims"), against Thelen and Rick Steiner and each of their current and former respective representatives, agents, servants, attorneys, employees, officers, directors, partners, members, subsidiaries, affiliates, successors, assigns, executors, conservators, insurers, insurance representatives, trustees, receivers, administrators, predecessors-in-interest and successors-in-interest; provided, however, that Greenberg will receive a credit against any final judgment awarded against it in this action in an amount corresponding to the greater of: (1) the total consideration paid to Quickie by Thelen and Rick Steiner under the Confidential Settlement Agreement and Mutual Releases (the "Settlement Agreement"), (2) the amount stipulated in any release or covenant not to sue in or under the Settlement Agreement, or (3) the aggregate equitable share of Quickie's damages, if any, allocated to Thelen and Rick Steiner by any judgment recovered by Quickie in this action (the "Judgment Reduction").

5.	To make this Bar Order reciprocal (and only to that extent), Thelen and Rick Steiner be, and they hereby are, permanently barred and enjoined from commencing and/or pursuing in this or any other proceeding any claim arising from the facts, events and occurrences underlying this action, including without limitation free-standing claims or third-party claims or cross-claims, or any claim for contribution or indemnification, however denominated and regardless of the allegations, facts, law, theories, or principles on which it is based, against

Greenberg or Sharinn, and their current and former representatives, agents, servants, attorneys, employees, officers, directors, partners, members, subsidiaries, affiliates, successors, assigns, executors, conservators, insurers, insurance representatives, trustees, receivers, administrators, predecessors-in-interest and successors-in-interest.

6. The Judgment Reduction provided to Greenberg by this Bar Order shall relieve Thelen and Rick Steiner of all liability to Greenberg and Sharinn and relieve Greenberg and Sharinn of all liability to Thelen and Rick Steiner for the Barred Claims.

7. The Court finds the Judgment Reduction provided to Greenberg by this Bar Order to be fair and adequate compensation for any and all Barred Claims by Greenberg against Thelen and Rick Steiner.

8. Nothing in this Bar Order: (i) is or shall be deemed to be or shall be used as an admission of, or evidence of, the validity of any of Quickie's claims or any wrongdoing or liability of any defendant or third-party defendant; (ii) is or shall be deemed to be or shall be used as an admission of, or any evidence of, any fault or omissions of any defendant or third-party defendant in any statement, release or written document or financial report issued, filed or made; or (iii) shall be offered or received in evidence against any defendant or third-party defendant in any civil, criminal or administrative action or proceeding in any court, administrative agency, arbitral or other tribunal other than such proceedings as may be necessary to consummate or enforce the Bar Order, except that the Bar Order may be filed in any subsequent action brought against any defendant or third-party defendant in order to support a defense or counterclaim of that defendant or third-party defendant of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim or issue preclusion or similar defense or counterclaim.

9. The Dismissed Claims and the Barred Claims involve questions of fact and law that are different from Quickie's remaining claims against Greenberg, such that they are separable from such remaining claims. Moreover, immediate appellate review of this Order will alleviate the danger of hardship and injustice that would result through a delay of such review in that, if this Order is reversed on appeal, the Dismissed Claims and the Barred Claims could be included in trial of the remaining claims against Greenberg, thereby conserving judicial resources and maximizing judicial economy by avoiding the possibility of duplicative trials. Accordingly, the Court expressly determines that there is no just case for delay, and thus the Court directs the Clerk of the Court to enter this Order as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, thereby fully and finally dismissing the following claims with prejudice:

    a. The third, fourth, and fifth causes of action as pleaded in Quickie's First Amended Complaint;

    b. Thelen's counterclaim against Quickie as pleaded in Thelen's Answer, Counterclaim, Cross-Claim, and Amended Third Party Complaint;

    c. Thelen's cross-claim against Greenberg as pleaded in Thelen's Answer, Counterclaim, Cross-Claim, and Amended Third Party Complaint;

    d. The first, third, and fourth causes of action as pleaded in Thelen's Answer, Counterclaim, Cross-Claim, and Amended Third Party Complaint;

    e. Todd Sharinn's sixteenth affirmative defense and counterclaim against Thelen as pleaded in the Answer to Third-Party Complaint, Counterclaim, and Cross-Claim of Todd Sharinn;

    f. Todd Sharinn's seventeenth affirmative defense and cross-claim against Rick Steiner as pleaded in the Answer to Third-Party Complaint, Counterclaim, and Cross-Claim of Todd Sharinn;

    g. Greenberg's sixteenth affirmative defense and first cross-claim against Thelen as pleaded in the Amended Answer and Cross-Claims of Greenberg Traurig LLP; and

    h. Greenberg's seventeenth affirmative defense and second cross-claim against Rick Steiner as pleaded in the Amended Answer and Cross-Claims of Greenberg Traurig LLP.

Entered this **27th** day of May, 2008

**SO ORDERED:**

_RMB_
HONORABLE RICHARD M. BERMAN

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

Date:

In Re:

-v-

Case #:    (    )

Dear Litigant,

    Enclosed is a copy of the judgment entered in your case.

    Your attention is directed to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which requires that if you wish to appeal the judgment in your case, you must file a notice of appeal within 30 days of the date of entry of the judgment (60 days if the United States or an officer or agency of the United States is a party).

    If you wish to appeal the judgment but for any reason you are unable to file your notice of appeal within the required time, you may make a motion for an extension of time in accordance with the provision of Fed. R. App. P. 4(a)(5). That rule requires you to show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the Pro Se Office no later than 60 days from the date of entry of the judgment (90 days if the United States or an officer or agency of the United States is a party).

    The enclosed Forms 1, 2 and 3 cover some common situations, and you may choose to use one of them if appropriate to your circumstances.

    The Filing fee for a notice of appeal is $5.00 and the appellate docketing fee is $450.00 payable to the "Clerk of the Court, USDC, SDNY" by certified check, money order or cash. **No personal checks are accepted.**

J. Michael McMahon, Clerk of Court

by: _____

, Deputy Clerk

APPEAL FORMS
Docket Support Unit

Revised: April 9, 2006

United States District Court
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

---------------------------------------------------X
|
|                                         NOTICE OF APPEAL
|
-V-                             |
|
|                                         civ.         (    )
|
---------------------------------------------------X

Notice is hereby given that _____
                                              (party)
hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment [describe it]



entered in this action on the _____ day of _____, _____.
                                (day)              (month)         (year)


                                        _____
                                                  (Signature)

                                        _____
                                                  (Address)

                                        _____
                                            (City, State and Zip Code)

Date: _____            (      ) _____ - _____
                                            (Telephone Number)


**Note**: You may use this form to take an appeal provided that it is <u>received</u> by the office of the Clerk of the District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

**APPEAL FORMS**

Docket Support Unit                                    Revised: April 9, 2006

FORM 1

# United States District Court
## Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
-------------------------------------------X
                                           |
                                           |    MOTION FOR EXTENSION OF TIME
                                           |    TO FILE A NOTICE OF APPEAL
          -V-                              |
                                           |
                                           |    civ.           (   )
                                           |
                                           |
-------------------------------------------X
```

Pursuant to Fed. R. App. P. 4(a)(5), _____ respectfully
(party)

requests leave to file the within notice of appeal out of time. _____
(party)

desires to appeal the judgment in this action entered on _____ but failed to file a
(day)

notice of appeal within the required number of days because:

[Explain here the "excusable neglect" or "good cause" which led to your failure to file a notice of appeal within the required number of days.]





_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____   ( ) _____-_____
(Telephone Number)

**Note:** You may use this form, together with a copy of Form 1, if you are seeking to appeal a judgment and did not file a copy of Form 1 within the required time. If you follow this procedure, these forms must be received in the office of the Clerk of the District Court no later than 60 days of the date which the judgment was entered (90 days if the United States or an officer or agency of the United States is a party).

APPEAL FORMS
Docket Support Unit                                                 Revised: April 9, 2006

FORM 2

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
----------------------------------------X
                                        |
                                        |         NOTICE OF APPEAL
                                        |              AND
          -V-                           |    MOTION FOR EXTENSION OF TIME
                                        |
                                        |       civ.         (      )
                                        |
----------------------------------------X
```

1. Notice is hereby given that _____ hereby appeals to
                                              (party)
the United States Court of Appeals for the Second Circuit from the judgment entered on _____.
                                   [Give a description of the judgment]

2. In the event that this form was not received in the Clerk's office within the required time
_____ respectfully requests the court to grant an extension of time in
            (party)
accordance with Fed. R. App. P. 4(a)(5).

   a.   In support of this request, _____ states that
                                                 (party)
this Court's judgment was received on _____ and that this form was mailed to the
                                          (date)
court on _____ .
             (date)

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____        ( ) _____ - _____
                                    (Telephone Number)

**Note:** You may use this form if you are mailing your notice of appeal and are not sure the Clerk of the District Court will <u>receive</u> it within the 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

APPEAL FORMS
Docket Support Unit

Revised: April 9, 2006

FORM 3

# United States District Court
## Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

\----------------------------------------X

                  -V-

**AFFIRMATION OF SERVICE**

civ.            (    )

\----------------------------------------X

I, _____, declare under penalty of perjury that I have

served a copy of the attached _____

_____

upon _____

_____

whose address is: _____

_____

Date: _____
      New York, New York

                                        _____
                                               (Signature)

                                        _____
                                               (Address)

                                        _____
                                       (City, State and Zip Code)

APPEAL FORMS
Docket Support Unit

Revised: April 9, 2006