UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

QUICKIE, LLC,

                Plaintiff,                07 Civ. 10331 (RMB) (DFE)

    -against-

GREENBERG TRAURIG, LLP, THELEN
REID BROWN RAYSMAN & STEINER LLP    **PLAINTIFF'S EXPERT WITNESS**
(f/k/a THELEN, REID & PRIEST LLP) and    **DESIGNATION**
ROBERT E. KREBS,

                Defendants.
_____    ECF CASE

    Plaintiff Quickie, LLC ("Quickie"), designates the following persons as expert witnesses in the matter of *Quickie LLC v. Greenberg Traurig LLP* in accordance with Rule 26(a)(2) of the Federal Rule of Civil Procedure:

    1.    **Mark P. Berkman, Ph.D.**, 2550 Ninth Street, Suite 102, Berkeley, California, 94710. Mr. Berkman is a principal at Berkeley Economic Consulting (BEC), which charges $400 per hour for Mr. Berkman's consulting services. Quickie anticipates that Mr. Berkman will give expert opinion on those topics and matters discussed in his expert report, submitted to defendants in this matter on July 22, 2008, including the following: (1) Quickie's damages resulting from the loss of its patent infringement claim against Medtronic following the premature expiration of the '160 Patent; (2) Quickie's damages in the form of lost future royalties from Medtronic for its use of the '160 Patent; (3) Quickie's damages in the form of lost royalties and/or infringement damages from Guidant and others following the premature expiration of the '160 Patent; and (4) Quickie's damages in the form of fees and expenses incurred by Quickie in both prosecuting and litigating the '160 Patent. Mr. Berkman may also

render opinions to rebut the testimony of defendants' experts, if any, on those subjects or other subjects related to those addressed in his report.

2.  **Richard Janvey.** Mr. Janvey is a partner in the New York office of the law firm Diamond McCarthy LLP located at 620 Eighth Avenue, 39th Floor, New York, New York 10018. Mr. Janvey billing rate is $600 per hour. Mr. Janvey may testify as to attorneys' fees incurred by Quickie in this suit and the reasonableness of those fees. The bases of these attorneys' opinions are a product of the litigation itself, and, more specifically, the legal services required to represent Quickie as a party to this litigation. Quickie accordingly will produce evidence of its attorneys' fees at the time of trial, with the amount it ultimately is entitled to recover being fixed by the final judgment.

3.  **Alan Fell.** Mr. Fell is a partner in the law firm Rick Steiner Fell & Benowitz located at 90 Broad Street, New York, New York 10004. Mr. Fell may testify as to the fees and expenses incurred by Quickie outside of the instant litigation in prosecuting and litigating the '160 Patent.

4.  Responding further, Quickie, out of an abundance of caution, also states that it may decide to call upon to testify at trial one or more other individuals like Mr. Fell, as well as Mark Evans and Robert Krebs, also involved in the underlying events and communications. Quickie may call one or more of these individuals to testify regarding, *inter alia,* the records, policies and procedures of one or more of the parties. Several of the above-referenced individuals also are identified as possible fact witnesses in response to Interrogatories. Quickie includes them here, too, insofar as their backgrounds, training and expertise qualify them as experts, or because their jobs and/or responsibilities give them more information than that possessed by the average juror or layperson so as to potentially characterize all or part of their

testimony as expert or opinion testimony. The testimony of any of these individuals would be based on their personal knowledge of facts as well as their professional interpretations, opinions and impressions.

5.    Quickie further anticipates asking questions of any experts called to testify by Defendant. Quickie further reserves the right to call as an adverse witness and elicit expert testimony from any of Defendant's designated experts. As such experts are not employed by or under the direct control of Quickie, Quickie defers to Defendant for the names and addresses of such experts, as well as the scope and content of their testimony.

6.    Quickie further reserves the right to ask its experts to review any new information that becomes available and offer opinions in light of that information, and to further call undesignated rebuttal expert witnesses whose testimony cannot reasonably be foreseen until presentation of evidence in this case.

Dated: July 22, 2008
New York, New York

DIAMOND McCARTHY LLP

By: /s/ Stephen T. Loden
Allan B. Diamond (*pro hac vice*)
Walter J. "Skip" Scott (*pro hac vice*)
Stephen T. Loden
620 Eighth Avenue, 39th Floor
New York, New York 10018
*Attorneys for Plaintiff Quickie, LLC*

### Certificate of Service

I, Stephen T. Loden, certify that a copy of the foregoing was served on all counsel of record, via email on this 22nd day of July, 2008.

/s/ Stephen T. Loden