UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUICKIE, LLC,

                    Plaintiff,         07 Civ. 10331 (RMB) (DFE)

   -against-

GREENBERG TRAURIG, LLP
                                      ECF CASE
                    Defendant.

---

**PLAINTIFF'S OBJECTIONS TO AND MOTION TO STRIKE INADMISSIBLE
SUMMARY JUDGMENT EVIDENCE SUMITTED BY
DEFENDANT GREENBERG TRAURIG, LLP**

Quickie, LLC. ("Quickie") objects to and moves to strike certain inadmissible evidence submitted by Greenberg Traurig, LLP ("GT") in support of its Motion for Summary Judgment ("MSJ"), and states as follows:

### I. Introduction

In support of its MSJ, GT submits the Declaration of Paul J. Sutton dated July 22, 2008 ("Sutton Declaration"). As discussed below, the Sutton Declaration is replete with inadmissible evidence including, but not limited to, matters beyond Mr. Sutton's personal knowledge, hearsay, legal conclusions, expert/opinion testimony, matters lacking foundation, and/or argumentative statements. GT also seeks to inappropriately use admissions of other Defendants against Quickie in support of its MSJ, despite black-letter law holding that the admissions of one party are not sufficient to support summary judgment against another party. For all of these reasons, Quickie objects and moves to strike GT's inadmissible summary judgment evidence.[1]

---

[1] Although discussed generally below, attached as Exhibit "A" to this motion is a chart identifying each objection to the Sutton Declaration by paragraph. Each paragraph is identical and corresponds to an unnumbered paragraph in GT's Motion for Summary Judgment. Therefore, Quickie incorporates the same objections to the corresponding paragraph in GT's Motion for Summary Judgment to the extent appropriate.

## II. Objections to Sutton Declaration

*Relevance*

Mr. Sutton seeks to testify regarding matters that have no relevance to the questions of law or fact at issue in GT's MSJ. For example, Mr. Sutton discusses in his Declaration the familial status of a member of Quickie and an attorney at Thelen Reid & Priest LLP. *See, e.g.,* Sutton Declaration at ¶ 47. Similarly, Mr. Sutton seeks to testify as to issues related to damages, despite the agreement by the parties that issues related to damages would not be raised in this MSJ. *See* Sutton Declaration at ¶¶ 42-46 (discussing the licensing of the '160 Patent and its commercial viability) and ¶ 71 (discussing the alleged "gutting of the '160 Patent" in the reexamination proceeding). Such statements are completely irrelevant to the issue of liability, which is the subject matter of GT's MSJ. As a result, Quickie objects to each paragraph in which Mr. Sutton seeks to testify that has no relevance to the issues in dispute in GT's MSJ as identified in Exhibit A (¶¶ 37, 42-54, 71, 87, 88, 91-99, 111, 115, 121) and moves this Court to strike those portions of the Sutton Declaration.

*Expert/Opinion Testimony*

Although GT claims to not introduce expert testimony in accordance with the parties' agreement, Mr. Sutton offers his expert opinion on numerous disputed questions of law throughout his Declaration. *See* GT MSJ at 5; Sutton Declaration at ¶¶ 71, 77, 84. As discussed below, Mr. Sutton seeks to offer his opinion about the legal application of the Reexamination Power of Attorney on GT's obligations regarding the '160 Patent, and GT's corresponding obligations. *See, e.g.,* Sutton Declaration at ¶ 84. In addition, Mr. Sutton offers his opinion on the "correctness" of other people's understanding of GT's role as to the '160 Patent. *Id.* at ¶ 77. Finally, Mr. Sutton opines on the legal effect of the Reexamination Proceedings, characterizing the actions of the PTO as "gutting" the '160 Patent. *Id.* at ¶ 71.

Mr. Sutton's proffered "expert" testimony is objectionable in other respects as well, including that such testimony constitutes inadmissible legal conclusions. *See, e.g.*, FED. R. EVID. 701; *Berckeley Inv. Group v. Colkitt*, 455 F.3d 195, 217 (3rd Cir. 2006) (holding that testimony regarding the effect of certain SEC actions was "inadmissible as improper legal opinions"). Accordingly, Quickie objects to each paragraph in which Mr. Sutton seeks to offer his expert opinion or a legal conclusion as identified in Exhibit A (¶¶ 7, 9, 13-14, 16, 39, 41, 71, 77, 84, 88-90, 94, 96, 116, 118, 120, 123, 131-133) and moves this Court to strike those portions of the Sutton Declaration.

*Speculation/Lack of Personal Knowledge*

Rule 56 of the Federal Rules of Civil Procedure and Rule 603 of the Federal Rules of Evidence both require a witness to have personal knowledge of the matters for which he or she is offered to testify. *See* FED. R. CIV. P. 56(e); FED. R. EVID. 602. Throughout his Declaration, however, Mr. Sutton seeks to testify regarding matters outside of his personal knowledge, instead relying on transcripts of testimony of other individuals.

For example, Mr. Sutton states in his Declaration that "neither Quickie nor its General Counsel calendared the dates or otherwise assured that the Maintenance Fee would be paid." *See* Sutton Declaration at ¶ 36. That testimony is not based upon Sutton's personal knowledge, but instead is based solely upon his reading of the Alan Fell and Aubrey Galloway deposition transcripts in the instant matter (indeed, Mr. Sutton did not even attend those depositions). *Id.* Mr. Sutton also speculates about the motivations and understanding of other individuals and other law firms (*e.g.* Bryan Cave), without offering any basis whatsoever for his personal knowledge of those matters. *See, e.g.*, Sutton Declaration at ¶ 70.

Mr. Sutton's speculation about what other persons and parties were thinking or intending would not be admissible at trial, and thus GT cannot rely on that testimony in support of its MSJ.

Quickie's Objections and Motion to Strike     3
Summary Judgment Evidence

*See, e.g., In re Teltronics Services, Inc.*, 762 F.2d 185, 192 (2nd Cir. 1985) (stating that the affidavit of counsel may have been insufficient to support summary judgment because the relevant paragraphs were not made on his personal knowledge). Therefore, Quickie objects to each paragraph in which Mr. Sutton seeks to testify regarding matters beyond his personal knowledge as identified above and Exhibit A (¶¶ 12, 14, 16-20, 35-39, 43-49, 51, 55, 57, 60, 62-68, 70, 73, 77-83, 86, 89-90, 94-96, 98-99, 101, 103-05, 111, 115, 123-24, 126, 130) and moves to strike those portions of the Sutton Declaration.

*Hearsay*

Similarly, throughout his Declaration Mr. Sutton also seeks to testify regarding out of court statements of other individuals, which constitute inadmissible hearsay.[2] *See* FED. R. EVID. 802. For example, Mr. Sutton testifies regarding statements made by Quickie to the PTO, conversations allegedly had between representatives of Quickie and other GT employees, statements of representatives of Quickie and other Defendants in their depositions, and conversations between another law firm (Bryan Cave) and its employees, etc. *See, e.g.*, Sutton Declaration at ¶¶ 55, 56, 70, 102. Highlighting the hearsay nature of Mr. Sutton's testimony, he repeatedly relies on the deposition testimony of others. *Id.* Therefore, Quickie objects to each paragraph in which Mr. Sutton seeks to testify regarding inadmissible hearsay as identified in Exhibit A (¶¶ 6, 10, 12, 15-20, 33, 35, 37, 39, 44-45, 48-49, 54-60, 62-68, 70-72, 74-82, 84-85, 87, 90, 98-99, 102-105, 111, 113, 115, 121-24, 126, 130, 134-35) and moves this Court to strike those portions of the Sutton Declaration.

---

[2] In fact, in many instances Sutton's Declaration contains double hearsay in that he seeks to testify regarding statements made in depositions by witnesses about conversations had in the past. *See, e.g.*, Sutton Declaration at ¶¶ 45, 57, 62.

*Lack of Foundation*

Throughout his Declaration, Sutton makes the assumption/logical leap that the Reexamination Power of Attorney filed with the PTO in March 2003 terminated any obligations GT had with respect to the '160 Patent. *See, e.g.,* Sutton Declaration ¶¶ 72, 77, 79, 83, 84. Although Quickie acknowledges that the Reexamination Power of Attorney terminated GT's authority to represent Quickie before the PTO in connection with the Reexamination Proceedings, that filing had no impact whatsoever on GT's independent obligation to monitor and remind Quickie of the Maintenance Fee deadlines, and Mr. Sutton's efforts to testify as to the legal application of that document under the surrounding facts and circumstances lacks foundation.

Therefore, statements such as "GT had no further role as to the '160 Patent" and "we had no responsibility thereafter . . ." and "[GT] would no longer represent the client in this regard" lack the proper factual foundation that the Reexamination Power of Attorney terminated all aspects of GT's representation related to the '160 Patent and not just GT's authority to conduct business before the PTO. *See* Sutton Declaration at ¶ 84 (internal citations and quotations omitted). Quickie objects to each paragraph in which Mr. Sutton seeks to testify that GT had no responsibility as to the '160 Patent after the filing of the Revocation/Appointment for lack of proper foundation as identified in Exhibit A (¶¶ 7, 9, 10, 12-14, 16-20, 32-33, 36, 40-41, 43, 45-46, 48-49, 54, 56, 58, 68-69, 72, 74, 77-80, 83-85, 89-90, 102-05, 106, 112, 113, 119-20, 131-34) and moves this Court to strike those portions of the Sutton Declaration.

*Best Evidence*

Next, Mr. Sutton seeks to testify regarding the contents of documents, including filings before the PTO, and the testimony of various witnesses at deposition. *See, e.g.,* Sutton Declaration at ¶¶ 15-20, 102-10. Although Mr. Sutton attaches copies of the documents to his

Declaration for authentication purposes, his testimony regarding the contents of those documents violates the best evidence rule. *See* FED. R. EVID. 1002. Therefore, Quickie objects to each paragraph in which Mr. Sutton seeks to offer testimony regarding the contents of a document as identified in Exhibit A (¶¶ 6, 10, 15-20, 33, 44, 55, 57, 59-60, 65, 67, 69-78, 81, 83, 85-87, 90, 93, 98-99, 102-10, 113, 134-35) and moves this Court to strike those portions of the Sutton Declaration.[3]

### *Admissions by Other Parties*

Finally, GT seeks to use the admissions of other defendants against Quickie. Specifically, GT attaches Rick Steiner's Responses to GT's Request for Admissions as Exhibit I to the Sutton Declaration and cites those responses both in the Sutton Declaration and GT's MSJ. *See, e.g.,* Sutton Declaration at ¶¶ 18, 81 and GT MSJ at 4, 12. However, it is black-letter law that an admission by one defendant is insufficient to support summary judgment against another defendant. *See* Wright & Miller, Federal Practice and Procedure: Civil 2d §2264 (2008 Supp.); *see also, Alpiour v. State Auto. Mut. Ins.*, 131 F.R.D. 213, 215 (N.D. Ga. 1990); *Kittrick v. GAF Corp.*, 125 F.R.D. 103, 106 (M.D. Pa. 1989). Therefore, Quickie objects to the introduction of Exhibit I into evidence and moves this Court to strike any reference to the improper evidence in the Sutton Declaration and GT's MSJ.

### IIII. Conclusion

As discussed above, the Sutton Declaration and the GT MSJ seek to introduce inadmissible evidence including, but not limited to, matters beyond Mr. Sutton's personal knowledge, hearsay, legal conclusions, opinion testimony, matters lacking foundation, and/or argumentative statements. In addition, GT seeks to use admissions of other Defendants against

---

[3] At various points in his Declaration, Mr. Sutton summarizes the testimony of other witnesses. Quickie has objected to this testimony on hearsay and best evidence grounds; however, Quickie has also objected to instances when Mr. Sutton's summary mischaracterizes the actual testimony as identified in Exhibit A.

Quickie in support of its MSJ, despite black-letter law holding that such a use is improper. For all of these reasons, Quickie objects and moves to strike GT's inadmissible summary judgment evidence.

Dated: August 26, 2008
      New York, New York

                                      DIAMOND McCARTHY LLP

                                      By: /s/ Stephen T. Loden
                                            Allan B. Diamond (*pro hac vice*)
                                            Walter J. "Skip" Scott (*pro hac vice*)
                                            Stephen T. Loden
620 Eighth Avenue, 39th Floor
New York, New York 10018
*Attorneys for Plaintiff Quickie, LLC*

**Exhibit "A"**
**Objections to Sutton Declaration**

| Paragraph Number | Objections | Sustained/ Overruled |
|---|---|---|
| 6 | Hearsay; Best Evidence | |
| 7 | Expert/Opinion Testimony; Legal Conclusion; Lack of Foundation | |
| 9 | Expert/Opinion Testimony; Legal Conclusion; Lack of Foundation | |
| 10 | Hearsay; Best Evidence; Lack of Foundation | |
| 12 | Hearsay; Lack of Foundation; Lack of Personal Knowledge | |
| 13 | Expert/Opinion Testimony; Legal Conclusion; Lack of Foundation | |
| 14 | Expert/Opinion Testimony; Legal Conclusion; Lack of Foundation; Lack of Personal Knowledge | |
| 15 | Best Evidence; Hearsay | |
| 16 | Hearsay; Best Evidence; Lack of Personal Knowledge; Lack of Foundation; Expert/Opinion Testimony; Legal Conclusion | |
| 17 | Hearsay; Best Evidence, Lack of Foundation; Lack of Personal Knowledge | |
| 18 | Hearsay; Best Evidence; Lack of Foundation; Inappropriate Use of Admissions; Lack of Personal Knowledge | |
| 19 | Hearsay; Best Evidence; Lack of Foundation; Lack of Personal Knowledge | |
| 20 | Hearsay; Best Evidence; Lack of Foundation; Vague and Ambiguous; Lack of Personal Knowledge | |
| 32 | Lack of Foundation | |
| 33 | Lack of Foundation; Best Evidence; Hearsay | |
| 35 | Double Hearsay; Lack of Personal Knowledge | |
| 36 | Lack of Personal Knowledge; Lack of Foundation | |
| 37 | Relevance; Hearsay; Lack of Personal Knowledge | |
| 39 | Lack of Personal Knowledge; Expert/Opinion Testimony; Legal Conclusion; Hearsay | |
| 40 | Lack of Foundation | |
| 41 | Lack of Foundation; Legal Conclusion; Expert/Opinion Testimony | |
| 42 | Relevance | |
| 43 | Relevance; Lack of Personal Knowledge; Lack of Foundation (Mischaracterization of Testimony) | |
| 44 | Relevance; Lack of Personal Knowledge; Hearsay; Best Evidence | |
| 45 | Relevance; Triple Hearsay; Lack of Personal Knowledge; Lack of Foundation (Mischaracterization of Testimony). | |

Exhibit A – Objections to Sutton Dec.        1

| 46 | Relevance; Lack of Personal Knowledge; Lack of Foundation (cited exhibit has nothing to do with topic of testimony); Opinion Testimony | |
|----|---|---|
| 47 | Relevance; Lack of Personal Knowledge | |
| 48 | Relevance; Lack of Personal Knowledge; Hearsay; Lack of Foundation (Mischaracterization of Testimony) | |
| 49 | Relevance; Lack of Personal Knowledge; Hearsay; Lack of Foundation | |
| 50 | Relevance; Assumes Facts Not in Evidence | |
| 51 | Relevance; Speculation | |
| 52 | Relevance | |
| 53 | Relevance | |
| 54 | Relevance; Overbroad; Lack of Foundation; Hearsay | |
| 55 | Hearsay; Best Evidence; Lack of Personal Knowledge | |
| 56 | Hearsay; Lack of Foundation; Lack of Personal Knowledge | |
| 57 | Lack of Personal Knowledge; Double Hearsay; Best Evidence | |
| 58 | Vague and Ambiguous; Hearsay; Lack of Foundation | |
| 59 | Best Evidence; Hearsay | |
| 60 | Best Evidence; Hearsay; Lack of Personal Knowledge | |
| 62 | Lack of Personal Knowledge; Double Hearsay | |
| 63 | Lack of Personal Knowledge; Hearsay | |
| 64 | Lack of Personal Knowledge; Hearsay | |
| 65 | Lack of Personal Knowledge; Double Hearsay; Best Evidence | |
| 66 | Lack of Personal Knowledge; Double Hearsay | |
| 67 | Lack of Personal Knowledge; Double Hearsay; Best Evidence | |
| 68 | Lack of Personal Knowledge; Hearsay; Lack of Foundation | |
| 69 | Best Evidence; Relevance; Lack of Foundation | |
| 70 | Lack of Personal Knowledge; Multiple Hearsay; Best Evidence; Speculation | |
| 71 | Relevance; Legal Conclusion; Expert/Opinion Testimony; Best Evidence; Hearsay | |
| 72 | Lack of Foundation; Best Evidence; Hearsay | |
| 73 | Lack of Personal Knowledge; Best Evidence | |
| 74 | Best Evidence; Hearsay; Lack of Foundation | |
| 75 | Best Evidence; Hearsay | |
| 76 | Best Evidence; Hearsay | |
| 77 | Lack of Personal Knowledge; Legal Conclusion; Lack of Foundation; Expert/Opinion Testimony; Hearsay; Best Evidence | |
| 78 | Hearsay; Lack of Personal Knowledge; Best Evidence; Lack of Foundation (Letter References Reexamination Only) | |

Exhibit A – Objections to Sutton Dec.    2

| | | |
|---|---|---|
| 79 | Lack of Personal Knowledge; Double Hearsay; Lack of Foundation | |
| 80 | Lack of Personal Knowledge; Double Hearsay; Lack of Foundation | |
| 81 | Lack of Personal Knowledge; Hearsay; Best Evidence; Inappropriate Use of Admissions | |
| 82 | Lack of Personal Knowledge; Double Hearsay | |
| 83 | Lack of Personal Knowledge; Lack of Foundation; Best Evidence | |
| 84 | Expert/Opinion Testimony; Best Evidence; Legal Conclusion; Lack of Foundation; Hearsay | |
| 85 | Lack of Foundation; Best Evidence; Hearsay | |
| 86 | Vague and Ambiguous; Speculation; Lack of Personal Knowledge; Best Evidence | |
| 87 | Relevance; Best Evidence; Hearsay | |
| 88 | Relevance; Legal Conclusion; Expert/Opinion Testimony | |
| 89 | Speculation; Lack of Personal Knowledge; Expert/Opinion Testimony; Lack of Foundation | |
| 90 | Lack of Personal Knowledge; Hearsay; Best Evidence; Legal Conclusion; Expert/Opinion Testimony; Lack of Foundation | |
| 91 | Relevance | |
| 92 | Relevance | |
| 93 | Relevance; Best Evidence | |
| 94 | Relevance; Legal Conclusion; Expert/Opinion Testimony; Lack of Personal Knowledge | |
| 95 | Relevance; Lack of Personal Knowledge; Vague and Ambiguous; Legal Conclusion; Speculation | |
| 96 | Relevance; Lack of Personal Knowledge; Legal Conclusion; Expert/Opinion Testimony | |
| 97 | Relevance | |
| 98 | Relevance; Lack of Personal Knowledge; Double Hearsay; Legal Conclusion; Best Evidence | |
| 99 | Relevance; Lack of Personal Knowledge; Hearsay; Best Evidence | |
| 101 | Lack of Personal Knowledge | |
| 102 | Best Evidence; Lack of Foundation; Hearsay | |
| 103 | Best Evidence; Lack of Personal Knowledge; Multiple Hearsay; Lack of Foundation | |
| 104 | Lack of Personal Knowledge; Hearsay; Argumentative; Lack of Foundation | |
| 105 | Lack of Personal Knowledge; Hearsay; Argumentative; Lack of Foundation | |
| 106 | Best Evidence | |
| 107 | Best Evidence; Lack of Foundation | |

| | | |
|---|---|---|
| 108 | Best Evidence | |
| 109 | Best Evidence | |
| 110 | Best Evidence | |
| 111 | Relevance; Lack of Personal Knowledge; Hearsay; Expert/Opinion Testimony; Argumentative | |
| 112 | Argumentative; Lack of Foundation (Mischaracterization of Claims) | |
| 113 | Argumentative; Lack of Foundation (Mischaracterization of Claims); Hearsay; Best Evidence | |
| 115 | Hearsay; Lack of Personal Knowledge; Relevance | |
| 116 | Expert/Opinion Testimony; Legal Conclusion; Argumentative | |
| 118 | Argumentative; Legal Conclusion; Expert/Opinion Testimony | |
| 119 | Lack of Foundation | |
| 120 | Argumentative; Legal Conclusion; Expert/Opinion Testimony; Lack of Foundation | |
| 121 | Hearsay; Relevance | |
| 122 | Lack of Personal Knowledge; Hearsay | |
| 123 | Hearsay; Legal Conclusion; Expert/Opinion Testimony; Argumentative; Lack of Personal Knowledge | |
| 124 | Lack of Personal Knowledge; Double Hearsay; Legal Conclusion; Argumentative | |
| 126 | Lack of Personal Knowledge; Hearsay | |
| 130 | Lack of Personal Knowledge; Hearsay; Legal Conclusion; Argumentative; Speculation | |
| 131 | Lack of Foundation; Legal Conclusion; Argumentative; Expert/Opinion Testimony | |
| 132 | Lack of Foundation; Legal Conclusion; Expert/Opinion Testimony | |
| 133 | Legal Conclusion; Expert/Opinion Testimony; Lack of Foundation; Argumentative | |
| 134 | Hearsay; Best Evidence; Lack of Foundation | |
| 135 | Multiple Hearsay; Best Evidence | |