UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**QUICKIE, LLC,**

                              Plaintiff,           07 Civ. 10331 (RMB) (DFE)
                                                         ECF CASE

     -against-

**GREENBERG TRAURIG, LLP,**

                              Defendant.

---

### GREENBERG TRAURIG'S MEMORANDUM
### IN OPPOSITION TO
### PLAINTIFF'S OBJECTION AND MOTION TO STRIKE

                                                      POLLACK & KAMINSKY
                                                          Martin I. Kaminsky (MK 3033)
                                                          Justin Y. K. Chu (JC7810)
                                                      114 West 47th Street
                                                      New York, New York 10036
                                                        Tel No. (212) 575-4700
                                                       Fax No. (212) 575-6560

                                                    *Attorneys for Defendant*
                                                       *Greenberg Traurig LLP*

September 9, 2008

Plaintiff Quickie LLC ["Quickie"] has filed a meritless "Objection" and "Motion to Strike" the Declaration of Paul Sutton in support of the motion by defendant Greenberg Traurig LLP ["GT"] for summary judgment, and GT's use of admissions by Quickie's General Counsel and Member Alan Fell.

### RESPONSE AS TO THE SUTTON DECLARATION

GT respectfully submits that there is no impropriety in the Sutton Declaration. As his Declaration explains, and the other papers of both sides on the motion for summary judgment corroborate, Sutton was directly involved in much of the events and the supervisor of GT's services for Quickie.

The statements in the Declaration are based on Sutton's personal knowledge and, to the extent that is not the case, on evidence that is cited for each statement and attached to the Declaration. Thus, at the outset, Sutton's Declaration states [Sutton Decl. ¶3]:

> "This Declaration is based on my personal knowledge *and* both the sworn testimony and documentary evidence from the depositions in this action. For the convenience of the Court, attached at the end of this Declaration is a list of the exhibits (including deposition excerpts and documents) presented in support of this motion, the authenticity of which I hereby affirm." (emphasis added)

Sutton's citation to and quoting from the evidence (e.g. deposition testimony and documentary evidence) is proper and appropriate for that purpose. The Declaration marshals and authenticates the evidence in support of the motion, providing a chronological and topical "roadmap" to assist the Court.

Each paragraph of Sutton's Declaration which is based on evidence other than his personal knowledge is corroborated by citation to such evidence, and that evidence is attached to the Declaration. The other statements are matters within Sutton's personal

1

knowledge, indeed generally corroborated by quote from and citation to Sutton's own deposition testimony which is consistent with his Declaration.

Even an affidavit from someone who (*unlike* Sutton) has no personal knowledge of the facts is permissible where (like Sutton Declaration here) it cites to and is supported by evidence, and it provides such "roadmap" for the court. Owens-Corning Fiberglass Corporation v. Hudson General Corporation, 853 F.Supp. 656, 663 (E.D.N.Y. 1994); Melnyk v. Adria Laboratories, 799 F.Supp. 301, 306-07 (W.D.N.Y. 1992); Maier-Schule GMC, Inc. v. General Motors Corporation, 780 F.Supp. 984, 988 (W.D.N.Y. 1991).

Thus, the Court in Owens-Corning, 853 F.Supp. at 663, denied a motion by the party opposing summary judgment to strike two moving affidavits, explaining:

> "[W]hile it is true that the Romans Affidavit is not based on the affiant's personal knowledge because the clear function of the Affidavit is to identify and introduce into evidence the exhibits annexed thereto, the purposes underlying Rule 56(e) . . . are not disserved by considering the Affidavit on this motion. According, plaintiff's cross-motion to strike the Romans Affidavit is denied.
>     Plaintiff's cross-motion to strike the Mullaney Affidavit similarly is denied without merit. First, while Ms. Mullaney does not expressly state that the Affidavit is based on her personal knowledge, an examination of Exhibits D and F to the Mullaney Affidavit . . . reveals that Ms. Mullaney was at least to some extent personally involved. In any event, like the Romans Affidavit, the primary purpose of the Mullaney Affidavit is to identify relevant documents and introduce them into evidence, and Ms. Mullaney's testimony clearly is competent to serve these functions. Finally, the court disagrees with plaintiff's characterization of the Mullaney Affidavit as containing legal argument, and even if it did, this would not render the Mullaney Affidavit improper." (emphasis added)

Similarly, the Court in Maier-Schule, 780 F.Supp. at 988, denied a motion to strike the two moving affidavits on a summary judgment motion, explaining:

2

> "Initially, GM moves to strike the affidavits of Nelson Schule and F. James Kane, Esq. arguing that these affidavits fail to comply with Fed. R. Civ. P. 56(e) because, according to GM, they are not based on personal knowledge. Briefly, <u>the Court views the Kane affidavit only as a 'road map' with respect to the documentary evidence attached to it and therefore finds no personal knowledge deficiency.</u> Moreover, as the Chief Executive Officer of the plaintiff, <u>Schule has personal knowledge of the plaintiff's operation</u>. For purposes of these motions, this Court need not and does not rely on Schule's testimony regarding [other matters] . . . Therefore, this Court denies GM's motion to strike." (emphasis added)

Accord: Melnyk, 799 F.Supp. at 308 (same).

In any event, GT's briefs on its summary judgment motion recite the same facts and evidence that Sutton marshaled in his Declaration. The briefs thus state facts which are corroborated by the deposition testimony and exhibits which were the subject of discovery in this action --- with cites to that evidence. No part of the motion is premised on any statement by Sutton that is not either a quote and cite to that underlying evidence or merely repetition of his own deposition testimony in this action. Hence, Quickie has not been prejudiced by the similar statement of such matters in the Sutton Declaration[1].

## RESPONSE AS TO ADMISSIONS BY FELL

Quickie also incorrectly objects [Objection/Motion to Strike at 6] to GT's citation to the admissions in the Response by the Rick Steiner Defendants (i.e. Alan Fell and his law firm) to GT's Request for Admissions. Quickie inappositely argues that the admission of one party is supposedly "insufficient to support summary judgment against another defendant" [Objection/Motion to Strike at 6].

---

[1]   We note that, paradoxically, the Declarations which Quickie has submitted in opposition to GT's motion contain many of the same types of statements that Quickie accuses (incorrectly) the Sutton Declaration of containing. For example, the Galloway and Fell Declarations state several internal subjective impressions, and the Fell, Evens and Krebs Declarations give opinions as to the meaning and significance of documents, etc.

3

However, here, one of the admitters, Alan Fell admittedly is Quickie's General Counsel and a Member of Quickie. As such, Fell's statements are binding on Quickie under Fed. R. Evid. 801(d)(2)(D), which provides:

> "A statement is not hearsay if---
> The statement is offered against a party and is . . .a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship"

Quickie's only objection appears to be Fell's Response to GT's Request to Admit, and thus apparently agrees that Rule 801(d)(2)(D) applies to the other statements by Fell cited in GT's moving papers. But, the Rule applies to *all* of Fell's admissions in discovery.

In its papers opposing GT's motion for summary judgment, Quickie itself seeks to rely on Fell's role for Quickie in the events at issue. Fell's agency role for Quickie makes his Response to GT's requests to admit admissible under Rule 801(d)(2)(D). As the Court explained in Wechsler v. Hunt Health Systems, 2003 U.S. Dist. LEXIS 21031 ** 6-7 (S.D.N.Y. Nov. 21, 2003), in holding that statements in an attorney's letter were admissions under Rule 801(d)(2)(D):

> "The Second Circuit has held that 'statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney' [citations omitted] . . . Courts in this Circuit have reasoned that an attorney's statements or documents .. .may be admissible if . . . the statements concern a matter within the attorney's employment . . .'[citation omitted "

Accord: U.S. v. Amato, 356 F.3d 216 (2nd Cir. 2004) (attorney's letter); U.S. V. Mercado, 2003 U.S.Dist. LEXIS 13075 at **22-24 (S.D.N.Y. July 30, 2003) (defendant's attorney's statement to non-party admitted against party); Hanson v. Waller, 888 F.2d

4

806, 814 (11th Cir. 1989) (letter from plaintiff's attorney to defendant's attorney during the litigation).[2]

In any event, Fell was deposed in this case as to the Requests to Admit, and thus subject to cross-examination by Quickie as to his testimony. On his deposition, Fell repeated and corroborated the admissions that GT refers to on its motion. Thus, Quickie's objection is without significance. Fell's sworn testimony (including his testimony as to the Response) is evidence like any other testimony.

## CONCLUSION

Quickie's Objection and Motion to Strike should be denied.

Dated: September 9, 2008

Respectfully submitted,

POLLACK & KAMINSKY

By: _____
Martin I. Kaminsky (MK 3033)
Justin Y. K. Chu (JC 7810)
114 West 47th Street
New York, New York 10036
Tel No. (212) 575-4700
Fax No. (212) 575-6560

*Attorneys for Defendant
Greenberg Traurig, LLP*

---

[2] Quickie appears to admit Fell's agency role. But, in any event, since Fell admittedly acted for Quickie (e.g. as its spokesperson) during the events at issue and he remains its General Counsel, his agency role for Quickie as to the matters at issue is beyond dispute. See, e.g., MS Interpret v. Rawe Druck-und Veredlungs-GMBH, 222 B.R. 409, 417 (Bkrptcy S.D.N.Y. 1998).

5